ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

FILED
DISTRICT COURT OF GUAM
DEC 03 2009
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALICIA G. LIMTIACO, ATTORNEY GENERAL OF GUAM; OFFICE OF THE ATTORNEY GENERAL OF GUAM; PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X,<br><br>    Defendants. | CIVIL CASE NO. CV 09-00029<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL |

Plaintiff James L. Adkins, by his undersigned attorneys, brings this Complaint against the defendants, their employees, agents and successors and in support thereof avers the following:

### I. Preliminary Statement

1. This action challenges the wrongful arrest, detention, and incarceration of plaintiff James L. Adkins by Guam police officers D.B. Anciano and Serafino Artui, as constituting a violation of plaintiff's civil and constitutional rights. The crime they suspected him of committing was taking photographs with his cell phone camera of a car accident in his neighborhood. Plaintiff also challenges 9 G.C.A. § 55.45, relative to "obstructing governmental

**ORIGINAL**

functions" ("the Act"), and a vague charge of "failure to comply" ("the Charge"), as violating the United States Constitution and the Guam Organic Act, 48 U.S.C. §§ 1421, 1421b *et seq*. (A copy of the Act is attached as Exhibit A).

2. Plaintiff seeks damages, declaratory judgment, and injunctive relief on the grounds that the police officers' conduct, the Act, and the Charge violate his civil rights, right to free speech, right to due process of law, right to freedom of movement, right to privacy, and right to be free of unlawful arrest and seizure, all as guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 48 U.S.C. § 1421b of the Guam Organic Act.

## II. Jurisdiction and Venue

3. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and the Fourteenth Amendment to the United States Constitution. Venue is proper under 23 U.S.C. § 1391(b).

## III. Parties

4. Plaintiff James L. Adkins ("Plaintiff") is a resident of Guam and is a prominent and successful Guam businessman.

5. Defendant Alicia G. Limtiaco ("Limtiaco") is the Attorney General and chief law enforcement officer of Guam. She is responsible for enforcement of the Act and the Charge. She is sued in her individual capacity and in her official capacity.

6. Defendant Office of the Attorney General of Guam ("AG's Office") is a branch of the Government of Guam, charged with administration and enforcement of the laws of Guam, including criminal prosecutions of persons charged with violating the Act and the Charge.

7. Defendant Paul Suba ("Suba") is the Chief of the Guam Police Department. He is

responsible for the implementation and enforcement of the Act and the Charge, and for training police officers and ensuring that they comply with the law in implementing and enforcing the Act and the Charge. He is sued in his individual capacity and in his official capacity.

8. Defendant Guam Police Department ("GPD") is an agency of the Government of Guam, charged with implementation and enforcement of the Act and the Charge, and for ensuring that police officers comply with the law in implementing and enforcing the Act and the Charge.

9. D.B. Anciano ("Anciano") is a GPD police officer who arrested plaintiff. He is sued in his individual capacity and in his official capacity.

10. Defendant Serafino Artui ("Artui") is a GPD police officer who arrested plaintiff. He is sued in his individual capacity and in his official capacity.

11. Upon information and belief, other police officers and defendants were involved in the wrongful arrest, detention, and incarceration of plaintiff, but their identities are presently unknown to plaintiff and they are therefore sued herein fictitiously as defendants DOES I through X. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of these fictitiously named defendants when they are ascertained.

### IV. Factual Allegations

12. On October 4, 2009 plaintiff drove out of his yard down Paseo de Oro to Carmen Memorial Drive in Tamuning. As he drove around a curve he saw a green truck crashed into a wall. Plaintiff took out his cell phone with camera and took pictures of the accident while in his car.

13. As plaintiff was driving away, a police officer stepped out in front of his car and told plaintiff to stop. Plaintiff stopped his car and the officer told him that he could not take pictures. Plaintiff said, "there is nothing wrong with taking pictures". The first officer talked to a second officer who was nearby and the first officer demanded, "give me your camera." Plaintiff refused. The first officer demanded that plaintiff give him the camera a second time, and again plaintiff refused. Upon information and belief, the first officer who stopped plaintiff was either Anciano or Artui.

14. The second police officer approached plaintiff in his car and demanded plaintiff's camera. Plaintiff repeated, "there's no law against taking pictures." The second officer again demanded plaintiff's camera and plaintiff refused. The second officer then demanded that plaintiff get out of the car, and plaintiff said, "the only way I will get out is if I am under arrest." The second officer then told plaintiff that he was "under arrest" and plaintiff got out of his car. Upon information and belief, the second officer who arrested plaintiff was either Anciano or Artui.

15. Anciano or Artui handcuffed plaintiff and put him in a police car. While he was in the police car, plaintiff retrieved his cell phone and called his wife to tell her he had been arrested and to call his attorney. Anciano or Artui grabbed plaintiff's cell phone and confiscated it.

16. Anciano or Artui took plaintiff to the Tumon police station, where he was incarcerated. He was later taken to a conference room. A police sergeant demanded that plaintiff delete the pictures from his cell phone camera. Plaintiff refused.

17. Later that night plaintiff was taken to the Hagatna police station by one other police officer where he was booked, fingerprinted, and photographed. Plaintiff was restrained

and detained for about 4 hours, from 4:30 p.m. to 8:30 p.m. Plaintiff's cell phone camera was never returned to him.

18. After his release, plaintiff was given a notice to appear in court on Sept. 29, 2010. In the notice to appear plaintiff learned for the first time that he was charged with "obstructing governmental function" and "failure to comply."

19. Under 9 G.C.A. § 55.45, a person commits a misdemeanor if he "intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act . . ." Each of the terms of the Act are so vague that they may extend to lawful and unlawful acts, thereby inviting selective prosecution and infringement of constitutionally protected rights.

20. Plaintiff was also charged with "failure to comply", a charge that is so vague, ambiguous and overbroad that it may extend to lawful and unlawful acts, thereby inviting selective prosecution and infringement of constitutionally protected rights.

### FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983)
### (Against Defendants Suba, GPD, Anciano, Artui)

21. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 20, above.

22. Defendants Suba, GPD, Anciano, and Artui wrongfully, unlawfully, without process, warrant, or legal authority of any kind, and without information from any person that plaintiff had committed any criminal offense, arrested, detained, and incarcerated plaintiff without probable or reasonable cause, all in deprivation of plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under sections 1421b(a), (c), (e), and (u) of the Organic Act of Guam.

23. Defendants Suba, GPD, Anciano, Artui, and each of them, knew or should have known that plaintiff was not violating any laws and was not subject to arrest.

24. Upon information and belief, defendants Suba and GPD, with deliberate indifference to the constitutional rights of persons within their jurisdiction, maintained or permitted one or more of the following official policies or customs:

 A. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the arrest of individuals and seizure of property;

 B. Failure to provide adequate training and supervision to police officers with respect to the proper procedures to be followed in dealing with individuals who are exercising their right of free speech;

 C. Failure to take adequate steps to prevent officers from using arrest and seizure of property as a form of summary punishment and to discipline officers who do so or condone such conduct;

 D. Ratification of the summary punishment handed out by officers who arrest individuals or seize property under the Act or the Charge without probable or reasonable cause.

25. Defendants Suba, GPD, Anciano, and Artui are "persons" who, under color of law, deprived plaintiff of his rights, privileges and immunities secured by the United States Constitution, the Organic Act, and the laws of Guam, in violation of 42 U.S.C. § 1983. As a direct and proximate result of the wrongful acts of Suba, Anciano, Artui, and DOES I through X, plaintiff was deprived of his liberty and was caused great mental anguish and suffering, physical injury, humiliation, shame, and embarrassment, and has been damaged in his good name and reputation, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF DUE PROCESS OF LAW)
## (Against All Defendants)

26. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 25, above.

27. The Act and the Charge on their face and as applied fail to provide adequate notice as to the precise nature of conduct prohibited, thereby inhibiting the exercise of constitutionally protected rights and inviting selective prosecution. They are, therefore, void for vagueness, as they deprive plaintiff of due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 1421b of the Organic Act.

## THIRD CAUSE OF ACTION
## (VIOLATION OF FREE SPEECH)
## (Against All Defendants)

28. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 27, above.

29. Defendants Anciano and Artui's purpose and intent in arresting plaintiff and seizing his cell phone camera was to deprive him of his freedom of speech.

30. The Act and the Charge on their face and as applied violate the First Amendment to the United States Constitution and the Organic Act and are void for vagueness, as they penalize plaintiff's right of free speech within their scope and application. The operation of the Act and the Charge creates a chilling effect upon plaintiff's exercise of his right to free speech. The Act and the Charge penalize plaintiff's taking of photographs in his car on a public road, which is protected speech.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF RIGHT TO PRIVACY AND UNLAWFUL SEIZURE)
### (Against All Defendants)

31. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 30, above.

32. The Act and the Charge on their face and as applied violate the Fourth Amendment of the United States Constitution and the Organic Act in that the operation of the Act and the Charge invade plaintiff's right to privacy by allowing the arrest and incarceration of plaintiff and seizure of plaintiff's property without probable cause or a duly authorized warrant.

## FIFTH CAUSE OF ACTION
## (FALSE ARREST AND FALSE IMPRISONMENT)
### (Against Defendants Anciano and Artui)

33. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 32, above.

34. Anciano and Artui wrongfully, unlawfully, without process, warrant, or legal authority of any kind, and without information from any person that plaintiff had committed any criminal offense, arrested plaintiff and compelled him to go with them to the Tumon police station.

35. At the Tumon police station, Defendant DOE I, without process, warrant, or legal authority of any kind, and without information from any person that plaintiff had committed any criminal offense, unlawfully took plaintiff into custody, and forcibly imprisoned plaintiff and restrained him of his liberty.

36. Plaintiff continued to be unlawfully restrained and confined when he was taken to the Hagatna police station by defendant DOE II for booking, photographing, fingerprinting, and detention without probable cause and against his will. Plaintiff was detained for approximately

four hours, between 4:30 p.m. and 8:30 p.m. on October 4, 2009.

37. Anciano, Artui and defendant DOES I-II intended to confine plaintiff.

38. At the time of his arrest and incarceration, plaintiff was acting peaceably and in a lawful manner. Plaintiff did not commit any offense and Anciano, Artui and Defendant DOES I through X did not have any reasonable grounds for believing that plaintiff committed any offense.

39. Plaintiff was conscious of his arrest and the confinement, and he did not consent to the arrest or the confinement.

40. Plaintiff's arrest and confinement were not privileged, as both were effected without probable or reasonable cause.

41. As a direct and proximate result of the wrongful acts of Anciano, Artui, and DOES I through X, plaintiff was deprived of his liberty and was caused great mental anguish and suffering, physical injury, humiliation, shame, and embarrassment, and has been damaged in his good name and reputation in the amount of $1,000,000.00.

**SIXTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**
**(Against Defendants Anciano and Artui)**

42. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 41, above.

43. When Anciano and Artui demanded that plaintiff stop his car, give them his cell phone camera, and then get out of his car, Anciano and Artui intended to create an imminent apprehension on plaintiff's part that they would use unreasonable force against plaintiff, including taking plaintiff's cell phone camera away from him if plaintiff did not cooperate with them, and handcuffing him.

44. Plaintiff reasonably believed and anticipated that Anciano and Artui would forcibly take Plaintiff's camera away from him and forcibly restrain him with handcuffs, which they did.

45. Plaintiff did not consent to being put in fear of offensive contact.

46. While Plaintiff was talking on his cell phone, Anciano or Artui intentionally grabbed Plaintiff's cell phone out of his hands. Plaintiff did not consent to Anciano or Artui grabbing Plaintiff's cell phone out of his hands. In addition, plaintiff did not consent to being handcuffed.

47. Plaintiff was offended by Anciano's and Artui's conduct in grabbing his cell phone out of his hands and forcibly restraining him with handcuffs.

48. As a direct and proximate result of Anciano's and Artui's wrongful acts, plaintiff has suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF 10 G.C.A. § 77117 AND NEGLIGENCE)
### (Against Defendants Anciano and Artui)

49. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 48, above.

50. Pursuant to 10 G.C.A. § 77117(a)(1), "no police officer shall in any way interfere with the rights or property of any person, except where such interference is permitted by law." Anciano and Artui's acts, as described above, intentionally interfered with plaintiff's rights and property by assaulting and battering him, arresting him, threatening and intimidating him, physically restraining his freedom of movement, and incarcerating him for an appreciable period.

51. Under 10 G.C.A. § 77117(a)(1), defendants Anciano and Artui owed a duty of

10

Case 1:09-cv-00029 Document 1 Filed 12/03/2009 Page 10 of 16


44. Plaintiff reasonably believed and anticipated that Anciano and Artui would forcibly take Plaintiff's camera away from him and forcibly restrain him with handcuffs, which they did.

45. Plaintiff did not consent to being put in fear of offensive contact.

46. While Plaintiff was talking on his cell phone, Anciano or Artui intentionally grabbed Plaintiff's cell phone out of his hands. Plaintiff did not consent to Anciano or Artui grabbing Plaintiff's cell phone out of his hands. In addition, plaintiff did not consent to being handcuffed.

47. Plaintiff was offended by Anciano's and Artui's conduct in grabbing his cell phone out of his hands and forcibly restraining him with handcuffs.

48. As a direct and proximate result of Anciano's and Artui's wrongful acts, plaintiff has suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF 10 G.C.A. § 77117 AND NEGLIGENCE)
### (Against Defendants Anciano and Artui)

49. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 48, above.

50. Pursuant to 10 G.C.A. § 77117(a)(1), "no police officer shall in any way interfere with the rights or property of any person, except where such interference is permitted by law." Anciano and Artui's acts, as described above, intentionally interfered with plaintiff's rights and property by assaulting and battering him, arresting him, threatening and intimidating him, physically restraining his freedom of movement, and incarcerating him for an appreciable period.

51. Under 10 G.C.A. § 77117(a)(1), defendants Anciano and Artui owed a duty of

care towards plaintiff in which they were required to use reasonable care and diligence to ensure that plaintiff's rights and property were not harmed by their acts or omissions. Anciano and Artui breached that duty of care to plaintiff and as a result caused damages to plaintiff.

52. As a direct and proximate result of Anciano's and Artui's negligence, violation of 10 G.C.A. § 77117(a)(1), and wrongful acts, plaintiff has suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (THEFT OF PROPERTY AND CONVERSION)
### (Against Defendants Anciano and Artui)

53. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 52, above.

54. Anciano and Artui committed theft of property by confiscating plaintiff's cell phone camera.

55. Anciano and Artui illegally and intentionally converted plaintiff's cell phone camera to their own use.

56. As a direct and proximate result of Anciano's and Artui's wrongful acts, plaintiff has suffered damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (DECLARATORY RELIEF)
### (Against All Defendants)

57. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 56, above.

58. A controversy has arisen between plaintiff and defendants relative to their legal rights and duties under the Act and the Charge.

59. Plaintiff believes that the Act and the Charge are unconstitutional and that his

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

arrest and incarceration under the Act and the Charge were wrongful and in violation of his civil and constitutional rights.

60. Defendants Suba, GPD, Anciano and Artui believe that they acted properly in applying the Act and the Charge against plaintiff and that both the Act and the Charge are constitutional.

61. Upon information and belief, defendants Limtiaco and Office of the Attorney General believe that the Act and the Charge are constitutional and they will enforce the Act and the Charge by prosecuting plaintiff under both.

62. A judgment is necessary to declare and adjudicate the respective rights and duties of plaintiff and defendants herein.

### TENTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF)
### (Against All Defendants)

63. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 62, above.

64. If the Act and the Charge are allowed to be enforced and executed by all of the defendants against plaintiff, plaintiff will be subjected to serious, immediate and irreparable injury in that he will face criminal prosecution and incarceration.

65. Unless and until the relief demanded in this complaint is granted, plaintiff has good reason to believe that his civil rights, right of free speech, right to privacy, right to be free of unlawful arrest and seizure, and right to due process of law will continue to be infringed, chilled, threatened, impeded and otherwise interfered with by all of the defendants.

66. The relief requested by plaintiff in this complaint is essential to prevent interference with plaintiff's civil and constitutional rights.

67. Plaintiff has no adequate remedy at law.

### ELEVENTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)
### (Against Defendants Suba, Anciano and Artui)

68. Plaintiff re-alleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 67, above.

69. Suba's, Anciano's and Artui's acts, as described above, were willful, wanton, malicious and/or intentional misconduct, and plaintiff is entitled to punitive or exemplary damages in the amount of $2,000,000.00.

WHEREFORE, plaintiff prays for relief from this Court as follows:

1. A judgment declaring that defendants Suba, GPD, Anciano, and Artui have violated plaintiff's civil and constitutional rights as herein alleged;

2. An award of damages to plaintiff in an amount to be determined at trial against defendants Suba, Anciano, and Artui for violation of 42 U.S.C. § 1983;

3. An award of general, compensatory, and special damages against defendants Anciano and Artui for false arrest and false imprisonment in the amount of $1,000,000.00;

4. An award of general, compensatory, and special damages against defendants Anciano and Artui in an amount to be determined at trial under plaintiff's Sixth, Seventh, and Eighth Causes of Action;

5. An award of punitive damages against Anciano and Artui in the amount of $2,000,000.00;

6. A judgment declaring that the Act and the Charge are unconstitutional on their face and as applied in that the Act and the Charge violate the United States Constitution and the Organic Act;

7. That the Court temporarily and permanently enjoin and restrain all of the defendants, their agents, employees, successors, attorneys and officers and all persons acting in concert or cooperation with them, or at their direction, from use, operation, enforcement, execution and application of the Act and the Charge against plaintiff;

8. That the Court temporarily and permanently enjoin and restrain the defendants, their agents, employees, successors, attorneys and officers and all persons acting in concert or cooperation with them, or at their direction, from impeding, intimidating, chilling, hindering, preventing, threatening, deterring, discouraging and otherwise interfering with plaintiff's exercise of his rights, privileges and immunities guaranteed to him by the United States Constitution and the Organic Act;

9. An award of attorneys fees and costs of suit under 42 U.S.C. § 1988; and

10. That the Court grant such other and further relief as may be just and proper.

Dated this 3rd day of December, 2009.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: *[signature]*
ANITA P. ARRIOLA

## DEMAND FOR JURY TRIAL

Plaintiff James L. Adkins, by and through his undersigned counsel, hereby demands a jury trial on all issues triable by a jury.

Dated this 3rd day of December, 2009.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: *[signature]*
ANITA P. ARRIOLA

A person commits a misdemeanor if he falsely pretends to hold a position in the public service with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice.

> **SOURCE:** G.P.C. § 146(a); *M.P.C. § 241.9; Cal. § 1180(1971); Mass. ch. 268 § 8; N.J. § 2C:28-8.
>
> **COMMENT:** Section 55.30 replaces former § 146(a) of the Penal Code and extends criminal liability to the impersonation of any public servant, not just policemen or law enforcement officials.

### § 55.35. Resisting Arrest of Self or Others; Defined & Punished.

A person is guilty of a misdemeanor when, with intent to prevent or delay the arrest of himself of another person by one whom he knows or reasonably should know to be a peace officer acting in an official capacity, he prevents or delays that arrest by the use or threat of force or by physical obstruction. For purposes of this Section, a peace officer shall include apprehending officers designated under Article 2 of 10 GCA Chapter 51, as well as peace officers as defined under 9 GCA § 1.70.

> **SOURCE:** G.P.C. §§ 69, 148; cf. § 166; M.P.C. § 242.2; Cal. § 1182 (1971); Mass. ch. 268, § 10; N.J. § 2C:29-2; Amended by P.L. 17-87:8.
>
> **CROSS-REFERENCES:** § 55.45 - Obstructing Government Operation; 8 GCA § 25.50.
>
> **COMMENT:** § 55.35 deals specifically with resisting arrest in order to make clear that the arrest need not be lawful. The defendant must know that the law enforcement officer is acting in an official capacity, but if this requirement is satisfied, it is a crime to resist even an unlawful arrest. There are many remedies for such an unlawful arrest - Habeas Corpus, exclusion of illegally obtained evidence, possible tort relief - and it seems preferable to discourage as much violent conduct surrounding police activity as possible.
>
> Note that this Section also proscribes resistance or obstruction, including "going limp," but does not deal with flight from arrest.
>
> At common law, the Model Penal Code and the law of some States require that the arrest be lawful before resistance is made criminal. Such was not the case in the former Penal Code, nor is it the case in the States of Connecticut and Kentucky.

### § 55.45. Obstructing Governmental Functions; Defined & Punished.

A person commits a misdemeanor if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this Section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a

legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

> **SOURCE:** G.P.C. §§ 65, 69, 102, 148, 385; See also § 428; *M.P.C. § 242.1; Cal. §§ 1162, 1186, 1408 (1971); Mass. ch. 268, § 9; N.J. § 2C:29-1.
>
> **CROSS-REFERENCES:** § 55.35 - Refusal to submit to arrest; Chapter 58 -Escape; Chapter 25 - Code of Cr. Proc.
>
> **COMMENT:** § 55.45 replaces a number of diverse sections of the former Penal Code and is intended to prohibit a broad range of behavior designed to impede or defeat the lawful operation of Government. This Section supplements provisions of this Code which deal with particular means of interference such as bribery, intimidation and perjury. Although broad, the Section does not proscribe political agitation or other exercise of civil liberty; it is confined to physical interference or acts which are unlawful independently of the purpose to obstruct the Government.
>
> This Section, and this Chapter, clarify the situation as it existed in the former Penal Code whereby it was possible to charge a person under one of a number of sections for the same general offense of "resisting arrest." Such a confusion will not exist in this Code.
>
> The exception in this Section for various forms of non-submission to authority is designed to prevent an overly broad application of the term "unlawful act." Failure to file tax return may be unlawful, but is punished by specific sections in the appropriate codes. Further, if the arrested person is innocent or cannot be proved guilty of the offense for which he was arrested, it would be unjust and conducive to grave abuse to permit prosecution for an unsuccessful effort to evade the police.
>
> Guam Penal Code § 150, refusing to aid peace officers or firemen, has not been included in this Code as the Commission believed that, while aiding police officers and firemen is to be encouraged, the mere refusal by an innocent citizen to aid such officer should not be made a criminal offense.

## § 55.50. Damaging, Stealing or Receiving Stolen Government Generators, Telephones, or Emergency or Utility Equipment.

A person commits a felony in the second degree if he intentionally damages or steals any generator, power pole, power line, telephone, telephone line, telephone facility, water meter, or other emergency or utility equipment owned or installed by the government of Guam, its agencies or instrumentalities.

## § 55.51. Receiving Stolen Government Generators, Telephones or Emergency Utility Equipment.

A person commits a felony in the second degree if he receives any stolen generator, power pole, power line, telephone, telephone line, telephone facility, water meter, or other emergency or utility equipment