

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
J. Patrick Mason
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
pmason@guamattorneygeneral.com
Attorneys for the Government of Guam, and
defendants Limtiaco and Office of the Attorney General

James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509 • (671) 472-4036 (fax)
james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Artui, Anciano, and Guam Police Department

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br>Plaintiff,<br><br>vs.<br><br>ALICIA G. LIMTIACO, etc., et al.,<br><br>Defendants. | Civil Case No. 09-00029<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS ENTITY DEFENDANTS GUAM POLICE DEPARTMENT AND OFFICE OF THE ATTORNEY GENERAL; AND TO DISMISS PLAINTIFF'S LOCAL LAW CLAIMS; & SUPPORTING MEMORANDUM OF LAW** |

Pursuant to Federal Rules of Civil Procedure 12(b)(6), defendants Office of the Attorney General; the Guam Police Department move the court for their immediate dismissal. Paul Suba, sued in his official capacity as Chief of Police for the Territory of Guam; and Guam Police

Department Officers Serafino Artui and D.B. Anciano, sued in their official capacities, respectfully move the court for dismissal of those claims against them in the complaint asserted against them in their official capacity on the grounds that the complaint fails to state a claim upon which relief can be granted.

## Introduction

The facts that follow are allegations described in the complaint, and as such are provisionally accepted as true for the limited purposes of presenting this motion to dismiss.

James L. Adkins claims to be a "prominent and successful Guam businessman" who was wrongfully arrested, detained and incarcerated by Guam Police Department Officers Serafino Artui and D.B. Anciano for taking photographs of an accident scene with his cell phone. (First Amended Complaint ¶¶ 5, 9, 12; hereafter "FAC"). Adkins alleges that on October 4, 2009 he was driving out of his yard in Tamuning down Paseo de Oro in the direction of Carmen Memorial Drive when he saw a green truck crashed into a wall, and that he "took out his cell phone with camera and took pictures of the accident while in his car." (FAC ¶ 12). It is unclear from the complaint, but presumably he was stopped to do so. Adkins then states that as he was "driving away, a police officer told plaintiff to stop"; that the officer told Adkins that he could not take pictures, that Adkins replied "there is nothing wrong with taking pictures"; that after consulting with a second officer, the first officer demanded Adkins turn over his cell phone; that Adkins refused; the first officer demanded the cell phone a second time; Adkins refused again; that when the second officer approached Adkins the scenario was repeated, with Adkins telling the second officer "there's no law against taking pictures"; that when Adkins refused yet again, the "second officer then demanded that plaintiff get out of his car, and plaintiff said, 'the only

2

way I will get out is if I am under arrest' "; and that the second officer then obliged Adkins by placing him under arrest. (FAC ¶¶ 13, 14)

Adkins was taken first to the Tumon precinct and then to the Hagåtña police station for booking, his cell phone confiscated, and then released. He asserts a "police sergeant demanded that plaintiff delete the pictures from his cell phone [but that he] refused." (FAC ¶¶ 16, 17) According to Adkins, the entire episode, from arrest to release, took about four hours, from 4:30 p.m. to 8:30 p.m. (FAC ¶ 17) Adkins was provided notice to appear in court on September 29, 2010 on charges of "obstruction of governmental operations," *see* 9 GCA § 55.45,[1] and "failure to comply."[2] (FAC ¶¶ 1, 18 – 20)

**Analysis of the First Amended Complaint Applied to "Entity" Defendants Office of Attorney General, and Guam Police Department; and All Defendants Sued in their Official Capacities**

Adkins has sued Guam Police Officers Artui and Anciano; the Guam Police Department ("GPD"); Guam's Chief of Police, Paul Suba; Attorney General of Guam Alicia G. Limtiaco; and the Office of Attorney General, pursuant to 42 U.S.C. § 1983. He seeks declaratory and injunctive relief against all defendants, and monetary damages against all defendants except Attorney General Limtiaco. The Attorney General has filed a motion to dismiss all claims for declaratory and injunctive relief against all defendants, and those arguments are expressly

---

[1] Title 9 GCA § 55.45 provides in its entirety: "Obstructing Governmental Functions; Defined & Punished. A person commits a misdemeanor if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this Section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions."

[2] Not cited in the complaint, the offense of "failure to comply" is found at 16 GCA § 3503.3(d) ("It shall be unlawful for the operator of any vehicle to refuse to comply with any lawful order, sign or direction of a peace officer who shall be in uniform and shall exhibit his badge or other sign of authority."). Although plaintiff directly challenges 9 GCA § 55.45 as "the Act," he appears unaware that "the Charge" he is challenging as unconstitutionally vague is also statutorily based.

3

adopted and incorporated by reference here. *See* Fed.R.Civ.P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

Adkins' second cause of action (violation of due process of law) against all defendants asserts that "[t]he Act and the Charge on their face and as applied fail to provide adequate notice as to the precise nature of conduct prohibited, thereby inhibiting the exercise of constitutionally protected rights and inviting selective prosecution. They are therefore void for vagueness, as they deprive the plaintiff of due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 1421b of the Organic Act." Adkins' third cause of action asserts some kind of "free speech" claim, although it is not at all obvious that the "taking of photographs in [one's] car on a public road" (FAC ¶ 30) has ever been deemed "speech" protected by the first amendment. Nevertheless, Adkins asserts the charges he was arrested for are "void for vagueness, as they penalize plaintiff's right of free speech within their scope and application." Adkins' fourth cause of action asserts that the charges on which he was arrested violate the fourth amendment and the Organic Act "in that the operation of the Act and the Charge invade plaintiff's right to privacy by allowing the arrest and incarceration of plaintiff and seizure of plaintiff's property without probable cause or a duly authorized warrant." (FAC ¶ 32)

Adkins' fifth, sixth, seventh and eighth causes of action at ¶¶ 33 – 56 of his first amended complaint are against Officers Anciano and Artui alone and assert claims for false arrest and false imprisonment; assault and battery; some theory of statutory negligence under local law; and theft of property and conversion. Those "causes of action," if in fact they are local not federal law claims, are due to be dismissed for failure to comply with Local Rule LR 10.1(a) ("Each

4

complaint, petition, counter-claim and cross-claim shall state in a separate paragraph entitled 'jurisdiction' the statutory or other basis for jurisdiction and the facts supporting jurisdiction.").

In his ninth cause of action, Adkins demands declaratory relief against all defendants simply because "[a] controversy has arisen between plaintiff and defendants relative to their legal rights and duties under the Act and the charge" for which he was arrested. (FAC ¶ 58) His tenth cause of action seeks injunctive relief enjoining all defendants from prosecuting him in the local courts of Guam on the charges for which he was arrested. Specifically, Adkins claims that "[i]f the Act and the Charge are allowed to be enforced and executed by all of the defendants against the plaintiff, plaintiff will be subjected to serious, immediate and irreparable injury in that he will face criminal prosecution and incarceration."[3] (FAC ¶ 64) Adkins' eleventh cause action demands punitive damages against Suba, Anciano and Artui and are at issue here only to the extent those claims are asserted against these defendants in their official capacities.

As a matter of law, the entirety of Adkins' claims against the entity defendant Office of Attorney General and Guam Police Department, and all claims against all defendants in their official capacities are due to be dismissed.

## DISCUSSION

### Failure to State a Claim under 42 U.S.C. § 1983

Adkins' first "cause of action" at ¶¶ 21 – 25 of his first amended complaint parenthetically asserted against defendants Suba, GPD, Anciano, Artui is titled, "First Cause of Action (Violation of Civil Rights Under 42 U.S.C. § 1983) (Against Defendants Suba, GPD,

---

[3] As stated earlier, the Attorney General has filed a motion to dismiss all claims for declaratory and injunctive relief against all defendants in their official capacities, and those arguments are expressly adopted and incorporated by reference here. *See again* Fed.R.Civ.P. 10(c).

5

Anciano, Artui)." There is no such cause of action. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979)).

Paragraph 22 of the complaint recites in conclusory fashion that Defendants Suba, GPD, Anciano, and Artui deprived plaintiff of his rights "under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under sections 1321b(a), (c), (e), and (u) of the Organic Act of Guam." But Adkins' "first cause of action" adds nothing to the second, third and fourth causes of action claiming violations of due process under the fifth and fourteenth amendments (second cause of action); his asserted free speech right to take photographs which Adkins alleges is protected under the first amendment (third cause of action); and his claim that the defendants violated his right to privacy and freedom from unlawful seizure (fourth cause of action) which he asserts violates the fourth amendment to the U.S. Constitution. Adkins' "first cause of action" is not a statement of claim as much as it is simply a recitation of the procedural vehicle or mechanism by which he brings his constitutional claims. Adkins' first cause of action is due to be dismissed.

### The Claims in Adkins' First Amended Complaint Against the Entity Defendants Guam Police Department and Office of Attorney General, and those Asserted Defendants Sued in their Official Capacities, Fail to State a Claim for Damages Under 42 U.S.C. § 1983

The entirety of Adkins' claims for damages against the "entity" defendants Guam Police Department and the Office of the Attorney General, and against all defendants in their official capacities, are due to be dismissed. First, the Government of Guam, its agencies and instrumentalities are entitled to sovereign immunity, *see Marx v. Government of Guam*, 866 F.2d

294 (9th Cir. 1989) (dismissing *in rem* admiralty proceeding against Government of Guam on the basis of Guam's inherent sovereign immunity); *Munoz v. Government of Guam*, 625 F.2d 257 (9th Cir. 1980) (in action against Government of Guam for intentional torts by police officer, Guam is immune) ("Clearly, Guam has not waived its immunity with respect to intentional torts committed by its employees. Because appellants alleged and the evidence showed an intentional tort only, the decision of the district court [dismissing the Government of Guam] must be affirmed."); *accord, Crain v. Government of Guam*, 195 F.2d 414, 415 (9th Cir. 1952) (sovereign immunity barred suit "against the Government of Guam, the sole defendant, for a declaratory judgment of their rights, and those of other Guamanians similarly situated, under Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 1421i").

Second, the Government of Guam, its instrumentalities and agencies, as well as its officers sued in their official capacities, are not considered "persons" for purposes of asserting federal question jurisdiction pursuant to 42 U.S.C. § 1983 in a suit for damages. *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983."); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D.Guam 2007) ("It is settled law that Guam, its governmental entities, and officials sued in their official capacities are not 'persons' within the meaning of § 1983 and cannot be held liable for money damages under 42 U.S.C. § 1983.") (citing *Ngiraingas*, 495 U.S. 182, 191-192); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991) (Guam is not a "person" under § 1983, citing *Ngiraingas*).

The entity defendants Office of the Attorney General and Guam Police Department and all claims against all defendants sued in their official capacities for damages pursuant to 42 U.S.C. § 1983 are due to be dismissed with prejudice.

## Plaintiff's Local Law Claims Contained in his Fifth through Eighth Causes of Action are Due To Be Dismissed.

Adkins' statement of jurisdiction at ¶ 3 of his first amended complaint cites only federal jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3) and (4). If he is claiming that his 42 U.S.C. § 1983 claims encompass the common torts under local law asserted at ¶¶ 33 – 56 in his fifth through eighth causes of action, he is mistaken. *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) ("Section 1983, however, only creates a cause of action for violations of the federal 'Constitution and laws ... To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.' ") (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *accord Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). If Adkins is asserting another basis for the court's exercise of jurisdiction over local law torts, then he must amend his complaint and say what that is.

Adkins' fifth through eighth causes of action at ¶¶ 33 – 56 of his first amended complaint against Officers Anciano and Artui alone – asserting claims for false arrest and false imprisonment; assault and battery; some theory of statutory negligence under local law;[4] and theft of property and conversion – are based on local not federal law. Because defendants can only assume Adkins' fifth through eighth causes of action are based on local law, to the degree

---

[4] Although parenthetically captioned "Violation of 10 G.C.A. § 77117 and Negligence" plaintiff's seventh cause of action alleges intentional wrongdoing on the part of Anciano and Artui. Adkins states, "Pursuant to 10 G.C.A. § 77117(a)(1), 'no police officer shall in any way interfere with the rights or property of any person, except when such interference is permitted by law.' Anciano and Artui's acts, as described above, *intentionally interfered with plaintiff's rights and property* by assaulting and battering him, arresting him, threatening and intimidating him, physically restraining his freedom of movement, and incarcerating him for an appreciable period." FAC at ¶ 50 (emphasis added).

8

those claims for relief are asserted against Artui and Anciano in their official capacities, they are due to be dismissed.

Paragraphs 9 and 10 of the complaint state that Artui and Anciano are sued in their official and individual capacities. Adkins' fifth through eighth causes of action do not say in what capacity Artui and Anciano are being sued. If Adkins is not attempting to sue Artui and Anciano in any official capacity as representatives of the Government of Guam, but is suing them in their personal or individual capacities only, then this discussion is academic. But clarification from the plaintiff is required for two more reasons. Title 5 GCA § 6212(a) provides, "The filing of a suit under this Chapter against the government of Guam or against any specific entity thereof shall suspend any proceedings against individual employees alleged to be liable in the same action until such time as the suit against the government of Guam or against any specific entity thereof has been brought to final judgment." Thus, if Adkins *is* suing Artui and Anciano only in their individual capacities on these local law claims, then that part of these proceedings is suspended "until such time as the suit against the government of Guam or against any specific entity thereof has been brought to final judgment."

On the other hand, if Adkins is attempting to assert claims against the government in his fifth through eighth causes of action, by suing Artui and Anciano in their official capacities, then those claims would all be barred as the government's waiver of sovereign immunity under the Act applies only to negligent acts, and Adkins is alleging intentional wrongdoing by Artui and Anciano. *See Wood v. Guam Power Authority*, 2000 Guam 18 * 3 ("The Government Claims Act does not waive sovereign immunity for intentional torts.") (citing 5 GCA § 6105(b)); *id.* at 5 ("Guam's sovereign immunity has not been waived with respect to intentional torts. Without a waiver of sovereign immunity, courts lack jurisdiction to hear a suit against the Government of

9

Guam."). All claims based on local law against the entity defendants and against Artui and Anciano in their official capacities, if intended against them in some representative capacity against the Government of Guam, are due to be dismissed with prejudice, because they allege intentional torts and the Government of Guam has sovereign immunity from those types of claims. But even if Adkins was properly asserting local law claims sounding in negligence, those claims against Artui and Anciano in their official capacities would have to be dismissed because Adkins has failed to exhaust the claims procedures under Guam law.

### In the Alternative, Adkins' Failure to Comply with and Exhaust the Government Claims Act Bars Prosecution of His Local Law Claims

Adkins' local law claims are due to be dismissed for failure to comply with and exhaust the procedures contained in Guam's Government Claims Act. The Organic Act of Guam provides: "The government of Guam shall have the powers set forth in this chapter, shall have power to sue by such name, and, with the consent of the legislature evidenced by an act of law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers." 48 U.S.C. § 1421(a). This has been construed numerous times to mean simply that "the doctrine of sovereign immunity applies to Guam." *Guam Econ. Dev. Auth. v. Island Equip. Co.*, 1998 Guam 7 ¶ 6. The government of Guam and its agencies and instrumentalities are subject to suit *only to the extent and by such means* as the Legislature has authorized. And in order to overcome sovereign immunity a plaintiff must first comply with the strictures of the Government Claims Act. *See Pacific Drilling, Inc. v. Marianas Drilling, Inc.*, 1985 WL 56585, *4, n. 1 (D.Guam App. Div. 1985). ("[T]he right to sue an agency of a sovereign is *limited* to the extent of the pertinent waiver of

10

sovereign immunity.") (emphasis added). Adkins has failed to allege compliance with the Government Claims Act.

The Guam Legislature has consented to permitting the government to be sued in contract and negligence in limited circumstances, *provided* that the procedures set forth in the Government Claims Act, 5 G.C.A. § 6101, *et. seq.* are followed. "The government of Guam hereby waives immunity from suit, **but only as hereinafter provided** . . . ." 5 G.C.A. § 6105 (emphasis added). "In order to sue the government or any agency thereof, autonomous or non-autonomous, the procedures of the Claims Act must first be followed." *Perez v. GHURA*, 2000 Guam 33, ¶14. Compliance with the Government Claims Act against the responsible agency is a *prerequisite* to initiating a lawsuit against the government of Guam in the superior court. "[T]he Act's waiver of immunity does not apply to a claimant who has not filed a government claim." *Attorney General of Guam v. Gutierrez*, Civ. Case No. CV-0166-03, *Findings of Fact and Conclusions of Law*, pp. 12-13 (Super. Court of Guam June 4, 2009). "Failure to file a claim prior to filing a suit warrants dismissal on a jurisdictional ground." *Perez*, 2000 Guam 33 ¶14.

Title 5 GCA §§ 6201 and 6202 contain specific filing requirements detailing the form and contents of a notice of a government claim. Although not referenced in his complaint, Adkins did serve a government claim on November 20, 2009 on the Office of Attorney General, less than two weeks before filing his federal complaint. But he has not complied with the Act. Under Guam law, "[a] claimant may institute an action in contract or tort, for money damages only, against the government of Guam in the event the claim is made against a line agency, or against the specific agency involved in the event the claim is made against an autonomous agency, in the Superior Court of Guam, provided that: (a) The claimant has been notified by registered or certified mail, return receipt requested, that his claim has been rejected in whole or in part...."

11

Title 5 GCA § 6208(a). Adkins does not allege that his claim was rejected, nor does he allege he has otherwise exhausted his remedies under the Government Claims Act. Indeed, he cannot.

"Every action filed under this Chapter shall be barred unless commenced within 18 months from the time the notice that the claim was rejected was served as provided in Article 2 of this Chapter, or within 24 months after the claim was filed in cases where the government does not reject the claim." 5 GCA § 6106(b) Thus, if the government does not formally reject a claim within 18 months after it is filed, a claimant still has another six months to file an action in superior court. What that *also* means is that a lawsuit filed *before* formal rejection of a claim, or before 18 months has passed since its filing without being rejected, is premature. To the extent Adkins' complaint asserts claims for damages against the Government of Guam based on local law, the complaint fails to allege that he has complied with *and exhausted* his remedies under the Government Claims Act.

Because Adkins has failed to allege in his complaint that all preconditions to filing suit have been met, the Act's waiver of sovereign immunity does not apply, and this court is without jurisdiction to proceed on any claims based on local law. It is a violation of Guam's inherent sovereign immunity for the court to proceed in the absence of jurisdiction predicated on a properly filed and exhausted government claim. These are not trite formalities; they are required conditions precedent to even knocking on the court's door with a claim against the Government of Guam based on local law. And half measures do not suffice. This was first made plain by the former Appellate Division of the District Court of Guam, which held that strict compliance with the Claims Act was required. *Ciesiolka v. San Nicolas*, 1991 WL 336902, *3 (D.Guam App. Div. 1991) ("[s]trict compliance is warranted and is supported by Ninth Circuit authority"); *Alexander*

12

*v. Bordallo*, 1979 WL 24948, *1 (D.Guam App. Div. 1979) ("The jurisdictional requirements of Government Claim Statutes must be strictly followed.") (citing *Veriddo v. Renard*, 35 Cal. 2d 263, 217 P.2d 647 (1950)). *Accord, Pacific Rock Corp. v. Department of Educ.*, 2001 Guam 21, ¶ 36 (returning to the *Ciesiolka* "line of cases that made strict compliance with the Claims Act a jurisdictional prerequisite to maintaining suit against the government"). That means that, strict compliance, consistent with prior federal precedent on Guam, is the law.

When federal courts exercise supplemental jurisdiction over state or local law claims, the "notice of claim" requirements of local law must be followed as if the claim were filed in local court. Failure to allege compliance and exhaustion warrants dismissal of those claims. *See Comfort v. Jackson County*, 2009 WL 4718567 (D. Or. 2009) (failure to allege compliance with notice of claim requirements under Oregon law in federal suit against police officers for (1) for violation of his civil rights under 42 U.S.C. § 1983; and (2) the Oregon Tort Claims Act, Or.Rev.Stat. § 30.260 (OTCA) for common law assault, battery, intentional infliction of emotional distress, and negligence from Jackson County requires dismissal of state law claims) ("Plaintiff has not alleged actual notice in his complaint. Defendants' motion is granted...."); *Nelson v. Runnels*, 2009 WL 211052 * 6 (E.D. Cal. 2009) (compliance with state law claim filing procedures required before exercising supplemental jurisdiction); *Shelley v. Hepp*, 2009 WL 483161 * 4 (W.D. Wis. 2009) ("This court will not exercise supplemental jurisdiction over a state law claim if it appears that a petitioner has failed to follow state procedures relevant to the claim"); *McCabe v. Macaulay*, 551 F.Supp.2d 771 (N.D. Iowa 2007) ("Plaintiffs' state constitutional claims are 'claims' under the ITCA [Iowa Tort Claims Act]: Troopers Bailey and Busch are state employees, Plaintiffs seek monetary damages for personal injury caused by the wrongful acts of Troopers Bailey and Busch and Troopers Bailey and Busch were acting within

13

the scope of their employment. Id. Therefore, Plaintiffs are required to exhaust their remedies under the ITCA.") (footnote omitted); *Ferlito v. County of Suffolk*, 2007 WL 4180670 * 3 (E.D. N.Y. 2007) ("Notwithstanding Plaintiffs' argument to the contrary, the law is clear that '[t]he notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action.' ") (citations omitted); *Alexander v. Perrenoud*, 134 Fed.Appx. 938, 2005 WL 1122665 (7th Cir. 2005) (affirming dismissal of state law claim for failure to comply with notice of claim requirement); *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) ("statutory notice provisions… apply when federal courts hear Colorado tort claims under supplemental jurisdiction"). If Adkins is attempting to assert any kind of claim against any defendant in their official capacity based on local law, it is due to be dismissed.

## CONCLUSION

**WHEREFORE**, the entity defendants Office of the Attorney General and Guam Police Department respectfully request their immediate dismissal. Defendant Paul Suba, sued in his official capacity as Chief of Police for the Territory of Guam; and Guam Police Department Officers Serafino Artui and D.B. Anciano, sued in their official capacities, respectfully move the court for dismissal of all official capacity claims against them in the complaint.

Respectfully submitted this 23 day of December, 2009.

ALICIA G. LIMTIACO, ATTORNEY GENERAL

_____
J. Patrick Mason
Deputy Attorney General
For defendants Limtiaco and
Office of Attorney General

14

_____
James T. Mitchell
For defendants Suba, Anciano and Artui

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, I served a copy of the forgoing on counsel for the plaintiff by hand delivery or first class mail, postage prepaid and properly addressed to the following:

Anita P. Arriola, Esq.,
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X, Hagåtña, Guam 96910
Email: acalaw@teleguam.net

_____
Of Counsel

15