

**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**J. Patrick Mason**
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
pmason@guamattorneygeneral.com
Attorneys for the Government of Guam, and
defendants Limtiaco and Office of the Attorney General

James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509 • (671) 472-4036 (fax)
james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Artui, Anciano,
and Guam Police Department

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br>　　　　Plaintiff,<br>vs.<br><br>ALICIA G. LIMTIACO, etc., et al.,<br><br>　　　　Defendants. | Civil Case No. 09-00029<br><br>**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND RULE 16 SCHEDULING ORDER TIMELINES & SUPPORTING MEMORANDUM OF LAW** |

　　　　All defendants jointly move the court to stay discovery and to suspend the scheduling order timelines under Local Rule 16 pending resolution of the motions to dismiss that have been filed in this cause.

　　　　In this civil rights action against two Guam police officers, Guam's chief of police and attorney general, the Office of Attorney General and the Guam Police Department, James L.

Adkins alleges he was unconstitutionally and illegally arrested, in violation of the first, fourth, fifth and fifteenth amendments, for taking photographs of an accident and crime scene. Adkins is seeking declaratory and injunctive relief against all defendants as well as damages against all defendants except the Attorney General, who he sues in her official capacity only, and only for declaratory and injunctive relief.

The Attorney General has moved to dismiss all claims against her, and to dismiss all claims seeking declaratory and injunctive relief against all defendants. All defendants have jointly moved to dismiss those claims against the "entity" defendants, Guam Police Department and Office of Attorney General. Chief of Police Paul Suba has moved to dismiss all damages and other claims against him on the basis that the complaint fails to articulate a claim against him from which he is not entitled to qualified immunity. And the two Guam Police Department Officers, Serafino Artui and D.B. Anciano, jointly move to be dismissed, also asserting qualified immunity.

It becomes apparent from those motions that plaintiff has failed to articulate a claim upon which relief can be granted, either as a matter of pleading under Rule 8, Fed.R.Civ.P.; or because the defendants are entitled to sovereign and qualified immunity; or because Adkins has simply failed to articulate a proper basis for the court's exercise of jurisdiction over particular claims. In the interest of judicial economy, and the "just, speedy, and inexpensive determination" of this action, discovery is due to be stayed pending the court's resolution of those motions to dismiss.

Addressing the concerns underlying scrutiny of the complaint under Federal Rules of Civil Procedure 8 and 12 in light of the "plausibility" standard of review announced two years earlier in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) when deciding a motion to

dismiss, the Supreme Court said only this year that it is all the more critical when the defense of immunity has been asserted. Simply put, discovery is disruptive and "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1953 (2009).

> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (KENNEDY, J., concurring in judgment). There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to, as Judge Cabranes aptly put it [in the decision below], "a national and international security emergency unprecedented in the history of the American Republic." 490 F.3d, at 179.

*Id.* (citing Judge Cabranes' concurrence in *Iqbal v. Hasty*, 490 F.3d 143 (2nd Cir. 2007)).

The Court made clear that when one or more defendants assert the defense of immunity, discovery should be avoided as to all defendants until the motion claiming entitlement to immunity from suit altogether is resolved.

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

3

> We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

*Iqbal*, 556 U.S. ___, 129 S.Ct. 1953-54.

Earlier in the Court's discussion of why orders denying qualified immunity fall within the class of cases entitled to immediate appellate review under the collateral order doctrine, *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the Court described exactly why motions to dismiss raising the defense should be decided prior to the commencement of discovery, and why the denials of such motions, when predicated on questions of law, are entitled to immediate interlocutory review. The same analysis and rationale hold true here as to why the court should stay discovery to suspend the scheduling order timelines under Local Rule 16 pending resolution of the motions to dismiss filed in this matter

> A district-court decision denying a Government officer's claim of qualified immunity can fall within the narrow class of appealable orders despite "the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). This is so because qualified immunity–which shields Government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) –is both a defense to liability and a limited "entitlement not to stand trial or face the other burdens of litigation." *Mitchell*, supra, 472 U.S., at 526, 105 S.Ct. 2806. Provided it "turns on an issue of law," *id.*, at 530, 105 S.Ct. 2806, a district-court order denying qualified immunity " 'conclusively determine[s]' " that the defendant must bear the burdens of discovery; is "conceptually distinct from the merits of the plaintiff's claim"; and would prove "effectively unreviewable on appeal from a final judgment." *Id.*, at 527 - 528 (citing *Cohen*, supra, at 546, 69 S.Ct. 1221). As a general matter, the collateral-order doctrine may have expanded beyond the limits dictated by its internal logic and the strict application of the criteria set out in Cohen. But the applicability of the doctrine in the context of qualified-immunity claims is well established; and this Court has been careful to

4

say that a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a "final decision" within the meaning of § 1291. *Behrens*, 516 U.S., at 307, 116 S.Ct. 834.

*Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1945-46 (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)). It is the "entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), provided it "turns on an issue of law," *id.*, at 530, that is at issue here, and is why discovery and the scheduling order timelines under Local Rule 16 are due to be stayed pending resolution of the motions to dismiss filed in this case.

## CONCLUSION

**WHEREFORE**, all defendants move the court to stay discovery and to suspend the scheduling order timelines under Local Rule 16 pending resolution of those motions to dismiss filed in this matter.

Respectfully submitted this 30th day of December, 2009.

ALICIA G. LIMTIACO, ATTORNEY GENERAL

J. PATRICK MASON
Deputy Attorney General
For defendants Limtiaco and
Office of Attorney General

JAMES T. MITCHELL
For defendants Suba, Artui, Anciano,
and Guam Police Department

5

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

Anita P. Arriola, Esq.,
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X,
Hagåtña, Guam 96910
Email: acalaw@teleguam.net

This 30th day of December, 2009.

JAMES T. MITCHELL

6

Case 1:09-cv-00029    Document 31    Filed 12/30/2009    Page 6 of 6