ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br><br>               Plaintiff,<br>vs.<br><br>ALICIA G. LIMTIACO, ATTORNEY GENERAL OF GUAM; OFFICE OF THE ATTORNEY GENERAL OF GUAM; PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X,<br><br>               Defendants. | CIVIL CASE NO. CV09-00029 |

**PLAINTIFF JAMES L. ADKINS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANTS OFFICE OF THE ATTORNEY GENERAL, GUAM POLICE DEPARTMENT, PAUL SUBA, D.B. ANCIANO, AND SERAFINO ARTUI**

## INTRODUCTION

Defendants Office of the Attorney General ("AG Office"), Guam Police Department ("GPD"), Paul Suba, Serafino Artui and D.B. Anciano have moved to dismiss plaintiff James L. Adkins' ("Mr. Adkins") claims under Rule 12(b)(6). The grounds for their motion, asserted in their official capacities, are: (1) Mr. Adkins has failed to state a claim under 42 U.S.C. § 1983, (2) Mr. Adkins is not entitled to damages under section 1983, (3) Mr. Adkins cannot assert local law claims against Anciano and Artui in federal court; and (4) Mr. Adkins allegedly failed to comply with the Guam Government Claims Act before filing suit against Anciano and Artui. All of these grounds lack any factual or legal support.

Taking all of the factual allegations in the First Amended Complaint ("FAC") as true, as this Court must in a motion to dismiss, all of the defendants acted under color of Guam law and they deprived him of his constitutional rights, specifically rights protected by the First, Fourth, and Fourteenth Amendments. The facts stated in the FAC establish that Mr. Adkins is suing Suba, Anciano and Artui in their individual capacities only for damages, as authorized by well-established caselaw. This Court has jurisdiction of plaintiff's local law claims under 28 U.S.C. § 1376(a). Finally, the requirements of the Guam Government Claims Act do not apply to this federal civil and constitutional rights lawsuit. The defendants' motion to dismiss should be dismissed in its entirety.

## STANDARD

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the

1

plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

## I. MR. ADKINS HAS PROPERLY STATED A CLAIM UNDER 42 U.S.C. § 1983.

Defendants contend that, assuming Mr. Adkins was arrested and confined without reason and GPD failed to properly train its officers, Mr. Adkins has no right to relief under 42 U.S.C. § 1983. There is no merit to this contention. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must show two essential elements: (1) that the defendants acted under color of state law; and (2) that defendants caused him to be deprived of a right secured by the constitution and laws of the United States. Johnson v. Knowles, 113 F.3d 114, 117 (9th Cir. 1997) (citing Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983)). "[C]onduct is engaged under color of state law if the actor was clothed with the authority of the state and was purporting to act thereunder, whether or not the conduct was authorized or, indeed, even if it was proscribed by state law." Cohen v. Norris, 300 F.2d 24, 31 (9th Cir. 1962). Mr. Adkins has satisfied both of these elements against all of the defendants.

### A. Claims against Anciano and Artui.

Mr. Adkins has alleged that Anciano or Artui, while on duty, stopped him in his car without any reason to believe he had committed a crime. FAC ¶ 13. Anciano or Artui told Mr. Adkins that he could not take pictures of a traffic accident. Id. Anciano or Artui demanded that Mr. Adkins relinquish his camera, but Mr. Adkins refused. Id. Based on Mr. Adkins' refusal to turn over his camera, Anciano or Artui arrested Mr. Adkins without cause. FAC ¶¶ 14-15. Either Anciano or Artui then handcuffed Mr. Adkins and put him in a police car. FAC ¶ 14. While in the police car, either Anciano or Artui seized Mr. Adkins' phone as he was trying to call his wife to inform her and to request legal assistance. FAC ¶ 15. After being booked,

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

fingerprinted, photographed and confined, Mr. Adkins was eventually released and given a notice to appear in court that stated he was being charged with "obstructing governmental function" and "failure to comply." FAC ¶¶ 18.

All of the foregoing facts establish that Anciano and Artui acted under color of Guam law when they illegally detained Mr. Adkins, arrested him, and seized his cell phone camera. Anciano and Artui cannot dispute the "color of law" allegations, as they are police officers who were on duty at the time. In addition, the facts alleged in the FAC create not merely a "plausible," but a strong inference that Anciano and Artui deprived Mr. Adkins of rights guaranteed by the First, Fourth and Fourteenth Amendments. Plaintiff incorporates by reference herein his Opposition to the Motion to Dismiss filed by Anciano and Artui, which details the violations of his constitutional rights. Therefore, this Court should deny the motion to dismiss with respect to Anciano and Artui.

B.  Claims against GPD and Suba.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Price v. Sery, 513 F.3d 962, 973 (9th Cir. 2008). There are two ways in which a plaintiff can show a failure to train claim under section 1983. First, a plaintiff can allege that the "existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training . . . is the 'moving force' behind the plaintiff's injury". Board of County Commissioners v. Brown, 520 U.S. 397, 407 (1997). Second, a plaintiff may prove a failure to train claim without showing a pattern of constitutional violations where "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers

3

with specific tools to handle recurring situations. Id., 520 U.S. at 409;[1] Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). Mr. Adkins has sufficiently alleged a failure to train claim under both tests.

Mr. Adkins alleges that GPD and Suba (1) failed to provide adequate training and supervision to police officers with respect to constitutional limits on the arrests of individuals, (2) failed to provide adequate training and supervision to police officers on the seizure of property, (3) failed to provide adequate training and supervision with respect to the proper procedures in dealing with individuals who are exercising their right of free speech, (4) failed to take adequate steps to prevent officers from using arrest and seizure of property as a form of summary punishment; and (5) ratified the actions of police officers who arrested individuals or seized property under the Act or the Charge without probable or reasonable cause. FAC ¶¶ 24(A) – 24(D).

Although "[w]hether a local government has displayed a policy of deliberate indifference is generally a question for the jury," the facts alleged in the FAC create a strong inference that GPD and Suba have allowed police officers to arrest, detain and harass individuals without cause. Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1478 (9th Cir. 1992) (citing Davis v. Mason County, 927 F.2d 1473, 1482 (9th Cir. 1991). The well-pled factual allegations of the FAC, which must be taken as true, lead to a strong inference that Anciano, Artui, and the other police officers involved in Mr. Adkins' arrest were not properly trained or supervised concerning the detention or arrest of individuals or the seizure of their property. This failure to train or to

---

[1] The Brown Court explained:

> The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right.

520 U.S. at 409.

4

supervise amounts to deliberate indifference of the First, Fourth and Fourteenth Amendment rights of Mr. Adkins.[2] The most basic principle of Fourth Amendment law is that police officers must have a reasonable suspicion that an individual is committing a crime or has committed a crime. Terry v. Ohio, 392 U.S. 1, 29 (1968). Anciano and Artui had no reasonable suspicion to justify detaining Mr. Adkins. Their continued detention of Mr. Adkins was also unjustified and their demand for his cell phone was without probable cause. Illinois v. Caballes, 543 U.S. 405, 408 (2005) (a seizure that is justified solely by issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission). Anciano and Artui then arrested Mr. Adkins without a warrant and without probable cause. They seized his cell phone camera without a warrant and without probable cause. It is clear that Anciano and Artui lacked any proper training or supervision about the very basic Fourth Amendment rights to be accorded to individuals in a vehicle stop, detention, arrest, or seizure of property.

But the lack of training and supervision did not stop with Anciano and Artui. It continued with the other police officers at the Tumon and Hagatna stations. When Mr. Adkins was taken to the Tumon precinct, no one reviewed the reasons behind Mr. Adkins' arrest or the seizure of his cell phone camera. Instead, the police sergeant ordered Mr. Adkins to delete the photos from his cell phone camera, in clear violation of Mr. Adkins' First and Fourth

---

[2] The Ninth Circuit has consistently found that a jurisdiction's lack of affirmative polices or procedures to train or guide employees can amount to deliberate indifference, even when there are other general policies in place. See Gibson v. County of Washoe, 290 F.3d 1175, 1198-94 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003) (county policy which precluded medical evaluation for incoming detainees was sufficiently likely to result in violation of detainees' right to medical care and county was deliberately indifferent to those needs); Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 1992) ( city's failure to instigate procedures to alleviate problem of detaining individuals on the wrong warrant could constitute a policy of deliberate indifference where plaintiff was detained for 12 days); Oviatt, 954 F.2d at 1478 (lack of procedures to alleviate problem of detecting missed arraignments – which resulted in plaintiff's prolonged detention without an arraignment, bail hearing, or trial was policy of inaction that amounted to deliberate indifference to pretrial detainees' constitutional rights).

5

Amendment rights. When Mr. Adkins was taken to the Hagatna station, no one questioned whether there was probable cause for his arrest or the seizure of his cell phone camera.

All of the foregoing facts lead to the inescapable conclusion that GPD and Suba demonstrated deliberate indifference to Mr. Adkins' constitutional rights by failing to provide adequate training and supervision to all of the police officers involved in this case regarding the arrest of individuals, seizure of their property, and individuals who are exercising their right of free speech. Further, GPD and Suba ratified the actions of all of the police officers involved in the illegal detention, arrest, and seizure of Mr. Adkins' property by failing to take any action to prevent Mr. Adkins' arrest and incarceration or to prevent issuance of the Notice to Appear.[3] See Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994) (plaintiff may establish deliberately indifferent character of a failure to train by alleging a program-wide inadequacy in training). All of Mr. Adkins' constitutional injuries would have been avoided had GPD and Suba properly trained these officers. See City of Canton, 489 U.S. at 389-90 (plaintiff must show that his or her constitutional injury "would have been avoided had the governmental entity properly trained its employees).

It is a reasonable inference that if Mr. Adkins had simply kept his mouth shut, or turned over his cell phone camera, or deleted the photos, he would not have been arrested or faced the threat of criminal prosecution. This is precisely the type of event that section 1983 is meant to prevent. See Wyatt v. Cole, 504 U.S. 158, 161 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed

---

[3] Plaintiff incorporates by reference herein his Opposition to the Motion to Dismiss filed by Anciano and Artui, which details the numerous violations of his civil and constitutional rights. As the Ninth Circuit has observed, if there was no violation of rights, there is "no basis for finding the officers inadequately trained." Long v. City and County of Honolulu, 511 F.3d 901, 907 (9th Cir. 2007), quoting Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994). The converse is equally true – where there are so many violations of basic constitutional and civil rights, as is the case here, there is more than sufficient basis for finding the officers inadequately trained.

6

rights and to provide relief to victims if such deterrence fails."). The unlawful actions of several police officers and a police sergeant at two precincts demonstrates that these problems are not isolated, but rather are systematic and prevalent throughout GPD. All of these facts create a strong inference of the "existence of a pattern of tortious conduct by inadequately trained employees" which tends to show the lack of proper training of police officers involved in this case is the 'moving force' behind Mr. Adkins' injuries. Brown, 520 U.S. at 407. In addition, Mr. Adkins' allegations lead to a strong inference that the violation of his rights were a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations. Id. at 409; Johnson v. Hawe, 388 F.3d 676, 686 (9th Cir. 2004) (remanding to district court to determine whether police department's self-training program, which assigned officers responsibility for keeping abreast of recent court decisions, amounted to deliberate indifference).

C.  Claims against AG Office.[4]

A plaintiff may properly maintain a suit against the Office of the Attorney General of Guam for prospective relief pursuant to 42 U.S.C. § 1983. See Guam Society of Obstetricians & Gynecologists v. Ada, 962 F.2d 1366, 1371 (9th Cir. 1992) (affirming declaratory judgment and permanent injunction against, among others, the Office of the Attorney General of Guam to prevent enforcement of abortion ban statute). Mr. Adkins seeks declaratory relief against the AG Office for a determination that 9 GCA § 55.45 and 16 GCA § 3503(d) violate the Constitution on their face and as applied in this case. He also seeks injunctive relief against the AG Office to prevent them from commencing criminal proceedings against him based on alleged violations of sections 55.45 and 3503(d) because such a criminal action would infringe on his right of free

---

[4] Defendant AG Office moves to dismiss Mr. Adkins' claim brought pursuant to 42 U.S.C. § 1983 but presents absolutely no argument in its brief how plaintiff has failed to state a claim. Instead, it "incorporate[s] by reference" arguments presented in another motion.

speech, right to privacy, right to be free of unlawful arrest and seizure, and right to due process of law. Mr. Adkins has satisfied both elements required under section 1983 by alleging that the AG Office will violate his rights under color of state law unless this Court grants him the relief requested.

II. **MR. ADKINS PROPERLY SUED SUBA, ANCIANO AND ARTUI IN THEIR INDIVIDUAL CAPACITIES FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983.**

Mr. Adkins filed suit against Suba, Anciano, and Artui in their official and individual capacities. In their motion, defendants seek to dismiss all claims for damages against Defendants sued in their official capacity brought pursuant to section 1983. There are no such claims, because any such claims would be barred by sovereign immunity. See Ngiraingas v. Sanchez, 495 U.S. 182, 192 (1990).

State officers may be sued for damages in their individual capacities under section 1983. See Carey v. Nevada Gaming Control Bd., 279 F.3d 873, 879 (9th Cir. 2002) (citing Dittman v. California 191 F.3d 1020, 1027 (9th Cir. 1999)). In Bermudes v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991), the Ninth Circuit held that Guam officials could be sued in their individual capacities for damages under section 1983. Mr. Adkins seeks damages against Suba, Anciano and Artui only in their individual capacities pursuant to section 1983. FAC at 13 (Prayer for Relief, ¶¶. 2, 3, 4, and 5). "Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed the officials are being sued in their individual capacities. Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1285 (9th Cir. 1994) (citing Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990)). Mr. Adkins has sufficiently stated a cause of

8

action against Suba, Anciano and Artui in their individual capacities for damages under section 1983.

### III. THIS COURT HAS JURISDICTION OVER MR. ADKINS' LOCAL CLAIMS AGAINST ANCIANO AND ARTUI IN THEIR INDIVIDUAL CAPACITIES.

This Court has original jurisdiction over the First, Second, Third, Fourth, Ninth and Tenth causes of action, because they arise under the laws of the United States and the U.S. Constitution. This Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 558 (2005). "A state claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)).

Mr. Adkins has filed causes of action under Guam law for (1) false arrest and false imprisonment, (2) assault and battery, (3) negligence and a violation of 10 GCA § 77117 and (4) theft of property and conversion against Anciano and Artui ("local claims"). The factual bases for Mr. Adkins' local claims are inseparable from his section 1983 claims against Anciano and Artui. See FAC, *passim*. Accordingly, this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1367.[5]

---

[5] Adkins requests leave of Court to amend the FAC if it holds that it is necessary to identify the specific jurisdiction statute.

9

## IV. THE GUAM GOVERNMENT CLAIMS ACT DOES NOT BAR MR. ADKINS' LOCAL CLAIMS AGAINST ANCIANO AND ARTUI IN THEIR INDIVIDUAL CAPACITIES.

Anciano and Artui move to dismiss the local claims to the extent that Mr. Adkins is suing them in their official capacities. Mr. Adkins has filed the local claims against Artui and Anciano in their individual capacities, not in their official capacities. On that basis, Defendants' motion to dismiss should be denied.

Defendants' contention that Mr. Adkins failed to comply with and exhaust the Government Claims Act ("the Act") is misplaced. The Act permits people to sue the Government of Guam under particular circumstances. 6 G.C.A. § 6105. There is no requirement in the Act that Mr. Adkins give notice to the Government of Guam prior to filing a suit against government employees. This fact distinguishes all of the cases cited by Defendants, as those cases relied upon statutes in other jurisdictions which *did* require notice prior to filing suit against government employees. See Comfort v. Jackson County, 2009 WL 4718567 (D. Or. 2009) (citing Or. Rev. Stat. § 30.270(3) which requires actual notice to be given of any claim against a state officer or employee to the agency or office); Nelson v. Runnels, 2009 WL 211052 (E.D. Cal. 2009) (citing to Cal. Gov't Code §§ 905, 905.2, 945.4 & 950.2, which require that a plaintiff first present a written claim to the state Victim Compensation and Government Claims Board before filing an action); Shelley v. Hepp, 2009 WL 483161 (W.D. Wis. 2009) (citing to Wisconsin Statutes § 893.82(3), which requires that a claimant serve written notice of the claim on the Wisconsin Attorney General before filing a lawsuit); McCabe v. Macaulay, 551 F.Supp.2d 771 (N.D. Iowa 2007) (citing to the Iowa Tort Claims Act, which pursuant to Iowa Code §§ 669.3, 669.5(1) requires claims against state employees to be filed and first considered by the attorney general prior to the filing of a civil lawsuit); Ferlito v. County of Suffolk, 2007

WL 4180670 (E.D. N.Y. 2007) (citing to N.Y. Gen. Mun. § 50-I, which requires that a plaintiff serve a notice of claim upon the government prior to filing a civil lawsuit against any public officer, agent or employee); Alexander v. Perrenoud, 134 Fed.Appx. 938 (7th Cir. 2005) (citing to Wisconsin Statutes § 893.82(3)); Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing to C.R.S.A. § 24-10-109, which requires that a plaintiff file a written notice for any claim against a public employee). The Guam Legislature made a policy decision in not creating a statutory prerequisite for filing a claim with the Government of Guam prior to bringing an action against public employees in their personal capacity. Defendants' argument is not based on Guam law and should be denied.

Defendants' argument that this action should be suspended by 5 G.C.A. § 6212(a) is similarly unavailing. "The plain meaning of [a] statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." U.S. v. Daas, 198 F.3d 1167, 1175 (9th Cir. 1999). Section 6212 provides that "[t]he filing of a suit under this Chapter against the government of Guam or against any specific entity thereof shall suspend any proceeding against individual employees alleged to be liable in the same action until such time as the suit against the government of Guam or against any specific entity thereof has been brought to final judgment." 5 G.C.A. § 6212(a). The plain language of the statute contemplates the filing of a lawsuit against the government of Guam or agency under the Government Claims Act, which shall suspend any proceeding against individual employees alleged to be liable in the same action. Section 6212 is inapplicable because Mr. Adkins has not filed suit against the government of Guam or any agency under the Act. Mr. Adkins has also not filed a lawsuit against individual employees under the Act. Defendants' motion to suspend or delay this case should be denied.

11

## V. ALERNATIVELY, MR. ADKINS REQUESTS LEAVE TO AMEND HIS FIRST AMENDED COMPLAINT.

"Courts are free to grant a party leave to amend whenever justice so requires, and requests for leave should be granted with extreme liberality. Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Moss, 572 F.3d 962, 972 (9th Cir. 2009). Mr. Adkins has properly stated claims against all defendants in this case. If this Court decides the facts alleged in the FAC do not create a reasonable inference that the defendants are liable for their misconduct, Mr. Adkins requests leave to amend his First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the foregoing reasons, plaintiff James L. Adkins respectfully requests that the Court deny the motion to dismiss filed by the Office of the Attorney General, Guam Police Department, Paul Suba, D.B. Anciano, and Serafino Artui.

Dated this 19th day of January, 2010.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: _/s/ Anita P. Arriola_
ANITA P. ARRIOLA

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2010, a true and correct copy of Plaintiff James L. Adkins' Memorandum of Points and Authorities in Opposition to Motion to Dismiss filed by Defendants Office of the Attorney General, Guam Police Department, Paul Suba, and D.B. Anciano and Serafino Artui was personally delivered to:

**J. PATRICK MASON, ESQ.**
Deputy Attorney General
Office of the Attorney General
287 West O'Brien Drive
Hagatna, Guam 96910

**JAMES T. MITCHELL, ESQ.**
Legal Counsel
Guam Police Department
Bldg. 233, Central Ave.
Tiyan, Guam 96913

Dated this 19th day of January, 2010.

_____
ANITA P. ARRIOLA