ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS, <br><br> Plaintiff, <br><br> vs. <br><br> ALICIA G. LIMTIACO, ATTORNEY GENERAL OF GUAM; OFFICE OF THE ATTORNEY GENERAL OF GUAM; PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X, <br><br> Defendants. | CIVIL CASE NO. CV09-00029 |

**PLAINTIFF JAMES L. ADKINS'
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO JOINT MOTION TO STAY DISCOVERY
AND RULE 16 SCHEDULING ORDER TIMELINES**

1

## ARGUMENT

All of the defendants in this case – Attorney General Alicia G. Limtiaco ("AG"), Office of the Attorney General ("AG Office"), Chief of Police Paul Suba, Guam Police Department ("GPD"), D.B. Anciano and Serafino Artui – have filed a joint motion to stay all of the discovery in this case pending the outcome of their motions to dismiss. They boast unabashedly that they will prevail on their motions and that therefore this Court should grant their motion to stay discovery "in the interest of judicial economy." Joint Mot. at 2. In particular, they argue that because they have raised a defense of qualified immunity in their motions, a stay of all discovery is justified. However, only Suba, Anciano, and Artui have asserted a qualified immunity defense. The AG, AG's Office and GPD have not asserted any immunity defense in their motions to dismiss.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

None of the defendants have made any showing that a stay of discovery is necessary to protect any of them from "annoyance, embarrassment, oppression, or undue burden or expense." Further, the defendants have not cited any authority establishing that where some defendants have asserted a qualified immunity defense, a stay of discovery should apply to all of plaintiff's claims against all of the defendants. Because the AG, AG Office, and GPD have not asserted any qualified immunity defense, there is no good cause to stay discovery relating to plaintiff's claims against these three defendants. Conkleton v. Zavaras, 2009 WL 2356441 *2 (D.Colo.) (staying discovery as to official capacity claims, but denying stay as to the individual capacity

2

claims). Further, if the Court grants any of the motions to dismiss on less than all of plaintiff's claims, discovery should not be stayed in the entire case. See Lee v. McDonald, 2008 WL 597287 *1 (E.D. Mich.) (where motion to dismiss granted as to only one claim, discovery should not be stayed in the entire case).

Plaintiff James L. Adkins ("Mr. Adkins") has filed oppositions to all of the motions to dismiss, which refute the defendants' claims that their motions are meritorious. In particular, Mr. Adkins has shown that the allegations in his First Amended Complaint state violations of clearly established First and Fourth Amendment rights. See Plaintiff's Oppositions to Motions to Dismiss filed by the defendants. Under these circumstances, where a plaintiff's allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity. Anderson v. Creighton, 483 U.S. 635, 646 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Lowery v. County of Riley, 2007 WL 4570964 (D.Kan.) (allowing extensive discovery in connection with qualified immunity motion).

## CONCLUSION

This Court has adopted a stringent policy that "[t]he filing of motions does not postpone discovery." Scheduling Notice, ¶ 6 (filed in this action on Jan. 13, 2010); see L.R. 16.4 (the filing of a motion to dismiss "will not excuse the parties from complying with this Rule and any Scheduling Order entered in the case"). The Court's policy is obviously intended to prevent parties from filing serial motions in order to prevent discovery and compliance with the timelines in the Federal Rules of Civil Procedure and the Local Rules of Court. Consistent with this policy, and because the defendants have failed to establish that they are entitled to a protective

3

order staying all discovery in this case, plaintiff James L. Adkins respectfully requests that the Court deny the Joint Motion to Stay Discovery in its entirety.

Dated this 20th day of January, 2010.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: /s/ Anita P. Arriola
ANITA P. ARRIOLA

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2010, a true and correct copy of Plaintiff James L. Adkins' Memorandum of Points and Authorities in Opposition to Joint Motion to Stay Discovery and Rule 16 Scheduling Order Timelines was personally delivered to:

**J. PATRICK MASON, ESQ.**
Deputy Attorney General
Office of the Attorney General
287 West O'Brien Drive
Hagatna, Guam 96910

**JAMES T. MITCHELL, ESQ.**
Legal Counsel
Guam Police Department
Bldg. 233, Central Ave.
Tiyan, Guam 96913

Dated this 20th day of January, 2010.

_____
ANITA P. ARRIOLA