
Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
J. Patrick Mason
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910   USA
(671) 475-3324    (671) 472-2493 (Fax)
pmason@guamattorneygeneral.com
Attorneys for the Government of Guam, and
 defendants Limtiaco and Office of the Attorney General

James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509   (671) 472-4036 (fax)
james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Artui, Anciano,
 and Guam Police Department

# IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| **JAMES L. ADKINS**, | ) | |
| Plaintiff, | ) | Civil Case No. 09-00029 |
| vs. | ) | |
| | ) | **DEFENDANTS' JOINT REPLY TO** |
| **ALICIA G. LIMTIACO, etc., et al.**, | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **MOTION TO STAY DISCOVERY AND** |
| Defendants. | ) | **RULE 16 SCHEDULING ORDER** |
| | ) | **TIMELINES & SUPPORTING** |
| | ) | **MEMORANDUM OF LAW** |
| | ) | |
| | ) | **EXPEDITED CONSIDERATION** |
| | ) | **REQUESTED** |
| | ) | |

Defendants Suba, Artui, and Anciano have filed motions to dismiss asserting, inter alia, the defense of qualified immunity. The remaining defendants, for various specific reasons, have moved to dismiss because, as a matter of law, the complaint simply fails to state a claim.

> [Q]ualified immunity – which shields Government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) – is both a defense to liability and a limited "entitlement not to stand trial or face the other burdens of litigation."

*Ashcroft v. Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1937, 1945-46 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.

*Iqbal*, 556 U.S. ___, 129 S.Ct. 1953 (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)).

Plaintiff Adkins' sole argument in opposition to defendants' joint motion to stay discovery and to suspend the scheduling order timelines pending resolution of their motions to dismiss is that "[b]ecause the [Attorney General, Attorney General's Office, and Guam Police Department] have not asserted any qualified immunity defense, there is no good cause to stay discovery relating to plaintiff's against these three defendants." *Opp.*, p. 2. But Mr. Adkins has failed to state a claim against these three defendants, making discovery that much more inappropriate pending a ruling on the motions to dismiss. To be blunt, this case needs some serious house-cleaning before Adkins is permitted to go forward with discovery, if he is permitted to go forward at all. And he is not.

Attorney General Alicia Limtiaco, sued in her official capacity only for declaratory and injunctive relief, has filed a motion to dismiss asserting that the claims against her for

2

prospective equitable and declaratory relief are non-justiciable in that they are either moot, barred by the *Younger* abstention doctrine, or not ripe. The arguments advanced by the Attorney General go to the very jurisdiction of the court to entertain this action as to her.

The two remaining "entity" defendants – Guam Police Department and Office of Attorney General – have filed motions to dismiss asserting, inter alia, that they are not "persons" within the meaning of 42 U.S.C. § 1983, and that they are immune from suit.[*] Indeed, Mr. Adkins recently seems to have clarified that he is not pursuing any claim for damages or other relief against the Government of Guam, or any "entity" defendant or defendant sued in his official capacity based on federal law or any local law theory. *See Plaintiff James L. Adkins' Memo. of Points and Authorities in Opp. to Motion to Dismiss filed by Defendants Office of the Attorney General, et al.*, Doc. 40. p. 8 (stating there are no § 1983 damages claims against any defendant sued in their official capacity because "any such claims would be barred by sovereign immunity," citing *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990)); *id*., p. 11 (clarifying that he is suing Officers Artui and Anciano in their personal capacities only, not as representatives of the government of Guam as the complaint suggests, specifically that "Mr. Adkins has not filed suit against the government of Guam or any agency under the [Government Claims] Act"). Having now acknowledged that he cannot sue entity defendants "Guam Police Department" or "Office of Attorney General," having clarified that he is not suing any entity defendants for any relief,

---

[*] *See Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983."); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D.Guam 2007) ("It is settled law that Guam, its governmental entities, and officials sued in their official capacities are not 'persons' within the meaning of § 1983 and cannot be held liable for money damages under 42 U.S.C. § 1983.") (citing *Ngiraingas*, 495 U.S. 182, 191-192); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991) (Guam is not a "person" under § 1983, citing *Ngiraingas*). *Marx v. Government of Guam*, 866 F.2d 294 (9th Cir. 1989) (Government of Guam has inherent sovereign immunity); *Munoz v. Government of Guam*, 625 F.2d 257 (9th Cir. 1980) (in action against Government of Guam for intentional torts by police officer, Guam is immune); and *Crain v. Government of Guam*, 195 F.2d 414, 415 (9th Cir. 1952).

3

and having failed to articulate a proper claim against the Attorney General, plaintiff's opposition to staying discovery pending clarification of the remainder of his complaint, in consideration of the remaining defendants' claims to qualified immunity, is simply argument for argument's sake.

> The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

*Fullmer v. JPMorgan Chase Bank, NA*, 2010 WL 95206 * 2 (E.D. Cal. 2010). "Dismissal is proper [] where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Marianas Hospitality Corp. v. Premier Business Solutions, Inc.*, 2009 WL 750247 * 2 (D.Guam 2009).

Although defendants hesitate to characterize Mr. Adkins' complaint as a typical "shotgun" pleading, he now has clarified he is making no claim against the entity defendants "Guam Police Department" and "Office of Attorney General." He now makes clear that he does not intend to pursue damages against any defendant in his official capacity. And he has now clarified that he is not pursuing any claim for damages against the Government of Guam, or any entity or agency thereof based on local law. None of this was clear before. Now that Adkins has clarified certain parts of his complaint that were previously unclear, all that is arguably left for the court's determination is the Attorney General's argument that Adkins has failed to state a claim against her for prospective injunctive and declaratory relief, and the separate motions to dismiss that assert qualified immunity and failure to state a claim filed by Chief Suba and

4

Officers Artui and Anciano. The Supreme Court has said that Adkins is not permitted to proceed with discovery at this time, not until those motions to dismiss are decided.

Defendants are well aware of Local Rule 16.4, which provides "Absent an order of the court to the contrary, the filing of a motion, including a discovery motion, a motion for summary judgment, or a motion to dismiss, will not excuse the parties from complying with this Rule and any Scheduling Order entered in the case," and they know the *Scheduling Notice* filed January 13, 2010, which states, "The filing of motions does not postpone discovery." Knowing the rules and practice of this court is precisely why defendants filed a joint motion to stay discovery in advance, knowing that in the routine case, motions to dismiss ordinarily do not automatically stay discovery. But in a civil rights lawsuit where qualified immunity has been asserted, the Supreme Court could not be clearer: When one or more defendants assert the defense of immunity, discovery should be avoided *as to all defendants* until the threshold question of entitlement to immunity from suit is resolved. Adkins does not even acknowledge that the Supreme Court has already answered and rejected his argument:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.
>
> We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

*Iqbal*, 556 U.S. ___, 129 S.Ct. 1953-54.

The motions to dismiss on file are not, as Adkins suggests at page 3 of his opposition, "serial motions [filed] in order to prevent discovery and compliance with" the local rules. They are precise and surgical, each demonstrates that specific defendants and specific claims or theories of liability are due to be immediately dismissed, and that other defendants are entitled to qualified immunity either because the plaintiff has not plead sufficient facts to satisfy Fed.R.Civ.P., Rules 8 and 12, or because the constitutional violations alleged are not clearly established. More detailed replies to plaintiff's oppositions to those motions are forthcoming, now that the plaintiff has clarified his claims, that will demonstrate all the more why the complaint is due to be dismissed and why discovery is inappropriate and should be stayed.

## REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to the local rules, this case is presently scheduled for a scheduling conference on March 3, 2010. A discovery plan has been ordered to be lodged with the court on or before February 16, 2010. Expedited consideration of the motion to stay discovery is requested in order to preserve defendants' recognized entitlement to "be free from the burdens of discovery," *Iqbal*, 556 U.S. ___, 129 S.Ct. 1953-54, pending resolution of their motions to dismiss.

## CONCLUSION

All defendants respectfully submit that discovery and the Rule 16 timelines are due to be stayed pending the court's ruling on the merits of the motions to dismiss.

ALICIA G. LIMTIACO, ATTORNEY GENERAL

____/s/_____
J. PATRICK MASON
Deputy Attorney General
 For defendants Limtiaco and
 Office of Attorney General

6

                \_\_\_/s/_____
                JAMES T. MITCHELL
                 For defendants Suba, Artui, Anciano
                 and Guam Police Department

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to:

Anita P. Arriola, Esq.,
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X,
Hagåtña, Guam 96910
Email: acalaw@teleguam.net

This 22nd day of January, 2010.

                \_\_\_/s/_____
                JAMES T. MITCHELL