

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
J. Patrick Mason
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910   USA
(671) 475-3324    (671) 472-2493 (Fax)
pmason@guamattorneygeneral.com
Attorneys for the Government of Guam, and
 defendants Limtiaco and Office of the Attorney General

James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509   (671) 472-4036 (fax)
james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Artui, Anciano,
 and Guam Police Department

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br>        Plaintiff,<br><br>vs.<br><br>ALICIA G. LIMTIACO, etc., et al.,<br><br>        Defendants. | Civil Case No. 09-00029<br><br>**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ENTITY DEFENDANTS GUAM POLICE DEPARTMENT AND OFFICE OF THE ATTORNEY GENERAL, [etc.] & SUPPORTING MEMORANDUM OF LAW** |

      The entity defendants "Office of the Attorney General" and the "Guam Police Department" have moved the court for their immediate dismissal. Paul Suba, sued in his official capacity as Chief of Police for the Territory of Guam; and Guam Police Department Officers

Serafino Artui and D.B. Anciano, sued in their individual and official capacities, have moved the court for dismissal of those claims against them in the complaint asserted against them in their official capacities on the grounds that the complaint fails to state a claim upon which relief can be granted. Although plaintiff Adkins has filed an opposition to the motion, it appears in fact that he concedes specific relief requested in the motion which is: (1) that the "entity" defendants Guam Police Department and Office of Attorney General are due to be dismissed; and (2) any official capacity claims for damages under federal and local law should be dismissed.

The point here is to clean up the complaint because it names defendants who cannot be sued and asserts arguments that fail to state claims upon which relief can be granted. "Dismissal is proper [] where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Marianas Hospitality Corp. v. Premier Business Solutions, Inc.*, 2009 WL 750247 * 2 (D.Guam 2009).

## I. Adkins' First "Cause of Action" is Due to Be Dismissed

Adkins' first "cause of action" at ¶¶ 21 – 25 of his first amended complaint parenthetically asserted against defendants Suba, GPD, Anciano, Artui is titled, "First Cause of Action (Violation of Civil Rights Under 42 U.S.C. § 1983) (Against Defendants Suba, GPD, Anciano, Artui)." For plaintiff's edification and to clean up the complaint generally, what defendants are saying is simply that there is no such cause of action in and of itself, separable from the federal right or rights being asserted. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979)).

2

Adkins' "first cause of action" adds nothing to the second, third and fourth causes of action claiming violations of due process under the fifth and fourteenth amendments (second cause of action); his asserted free speech right to take photographs which Adkins alleges is protected under the first amendment (third cause of action); and his claim that the defendants violated his right to privacy and freedom from unlawful seizure (fourth cause of action) which he asserts violates the fourth amendment to the U.S. Constitution. Adkins' "first cause of action" is not a statement of a constitutional claim as much as it is simply a duplicative recitation of the procedural vehicle or mechanism by which he brings his constitutional claims in his second, third and fourth causes of action. For clarity's sake, Adkins' first cause of action is due to be dismissed.

**II. The Entity Defendants "Guam Police Department" and "Office of Attorney General" are Due to Be Dismissed. Plaintiff Now Acknowledges that All Claims for Damages Against any Defendant in His Official Capacity are Also Due to Be Dismissed**

The "entity' defendants, Guam Police Department and Office of Attorney General, have jointly moved to be dismissed asserting, inter alia, that (1) they are immune from suit; and (2) they are not "persons" within the meaning of 42 U.S.C. § 1983. In his opposition to the joint motion to dismiss that he filed January 19, 2010 (Doc. 40), Adkins continues to insist that these entity defendants are, indeed suable entities, but fails to address any of the law to the contrary previously cited by the defendants.[1] *See Plaintiff James L. Adkins' Memo. of Points and Authorities in Opp. to Motion to Dismiss filed by Defendants Office of the Attorney General, et al.*, Doc. 40. pp. 3, 7. His argument is premised on a misreading of *Guam Soc. of Obstetricians*

---

[1] *See Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D.Guam 2007); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991); *Marx v. Government of Guam*, 866 F.2d 294 (9th Cir. 1989); *Munoz v. Government of Guam*, 625 F.2d 257 (9th Cir. 1980); *Crain v. Government of Guam*, 195 F.2d 414, 415 (9th Cir. 1952).

*and Gynecologists v. Ada*, 962 F.2d 1366 (9th Cir. 1992), which is interesting as Adkins' attorney is the same as plaintiffs' counsel in that case. Although there is the impression given by the district court that the Government of Guam might itself be sued, *see* 776 F.Supp. 1422, 1430, the fact of the matter is that it was the Governor and the Attorney General, sued in their official capacities, *not their respective offices* that were deemed proper defendants for injunctive relief, but not damages. The Ninth Circuit affirmed, and held that the Governor sued in his official capacity was not a "person" within the meaning of § 1983 for damages relief, but that he was, indeed, a "person" for purposes of injunctive relief. The court of appeals did *not* hold that entities and agencies like the "Office of Attorney General" and "Guam Police Department" are suable under § 1983.

> Section 1983 creates liability for "persons" who, while acting "under color" of state or territorial law, deprive citizens or other persons of rights, privileges, or immunities secured by the Constitution or federal law. 42 U.S.C. § 1983. In *Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990), an action for damages, the Supreme Court held that territories are not "persons" within the meaning of § 1983. The Court also stated: "[p]etitioners concede, ... and we agree, that if Guam is not a person, neither are its officers acting in their official capacity." *Id.* at 192, 110 S.Ct. at 1743.
>
> * * *
>
> Guam's argument overlooks the distinction between suits against governmental officials for damages, such as *Ngiraingas*, and those for injunctive relief. The distinction has been spelled out in cases involving state officials. Like territories, states are not "persons" for purposes of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-65, 109 S.Ct. 2304, 2307-08, 105 L.Ed.2d 45 (1989). In addition, state officers, when sued for damages in their official capacities, are likewise not "persons" within the meaning of 1983. *Id.* at 71, 109 S.Ct. at 2311. Any other conclusion would render meaningless the ruling that states are not "persons"; a judgment against a state official in his or her official capacity runs against the state and its treasury. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

962 F.2d 1370-71 (editorial brackets in original).

Defendants have never contended that they may not be sued in their individual capacities for damages (except to the degree the specific claim is barred by qualified immunity or otherwise fails to meet the pleading requirements of Rule 8 and 12 as argued in separate motions). Rather, they have sought clarity from a complaint that does not differentiate between official capacity claims for damages which are barred, and official capacity claims for injunctive relief which are not.[2] Only now, Adkins acknowledges that he is *not* pursuing any claim for damages or other relief against the Government of Guam, or any defendant sued in his official capacity. *See Opp.*, Doc. 40. p. 8 (stating there are no § 1983 damages claims against any defendant sued in their official capacity because "any such claims would be barred by sovereign immunity," citing *Ngiraingas*). As a matter of clarity and house-keeping, the "entity" defendants "Office of Attorney General" and "Guam Police Department," and all defendants who from the face of the complaint appear to have been sued indiscriminately in their individual and official capacity for damages, ask the court to do what plaintiff should have done to begin with: (1) dismiss the entity defendants "Guam Police Department" and "Office of the Attorney General" and (2) dismiss all claims for damages against defendants in their official capacities.

**III. Plaintiff's Local Law Claims Were Not Clear. Now They Are. Sort of.**

Adkins' statement of jurisdiction at ¶ 3 of his first amended complaint cites only federal jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3) and (4). As stated earlier, if Adkins is asserting another basis for the court's exercise of jurisdiction over local law torts, then he must amend his complaint and say what that is. *See* LR 10.1(a) ("Each complaint, petition, counter-

---

[2] As stated in defendants' original joint motion at p. 9, "If Adkins is not attempting to sue Artui and Anciano in any official capacity as representatives of the Government of Guam, but is suing them in their personal or individual capacities only, then this discussion is academic." Mr. Adkins could have saved opposing counsel and his own considerable time by saying so in the first place, or by amending his complaint to eliminate unnecessary ambiguity once brought to his attention.

5

claim and cross-claim shall state in a separate paragraph entitled 'jurisdiction' the statutory or other basis for jurisdiction and the facts supporting jurisdiction."). Obvious now, unclear before, Adkins is claiming supplemental jurisdiction it is 28 U.S.C. § 1367. But defendants should not have had to guess when a local rule requires that Adkins plead jurisdiction specifically, and when it is unclear until he filed his opposition that he is *not* seeking to hold the Government of Guam or any agency or instrumentality thereof liable for the alleged torts of Artui and Anciano. There was simply too much wriggle room in the last version of the complaint not to challenge it.

Adkins now makes clear that he is not suing Officers Artui and Anciano as representatives of the government of Guam for damages, but is suing them in their individual capacities only. *Plaintiff's Opp.*, p. 11 (clarifying that he is suing Officers Artui and Anciano in their personal capacities only, not as representatives of the government of Guam, and that "Mr. Adkins has not filed suit against the government of Guam or any agency under the [Government Claims] Act"). It was not clear before what relief plaintiff was seeking from which defendant in what capacity, or whether he was seeking to hold the Government of Guam liable on his local law claims. It is now. Mr. Adkins is the master of his own complaint and if he does not seek damages against the government of Guam or any agency or entity thereof, he should not oppose an order to that effect. To the extent there is ambiguity in the complaint, all official capacity claims for damages against any defendant are due to be dismissed.

## CONCLUSION

The entity defendants "Office of the Attorney General" and "Guam Police Department" move the court for entry of an order of their immediate dismissal. Defendant Paul Suba, to the extent he is sued in his official capacity as Chief of Police for the Territory of Guam; and Guam

6

Police Department Officers Serafino Artui and D.B. Anciano, to the extent they are sued in their official capacities, respectfully move the court for an order of dismissal of all official capacity claims for damages against them in the complaint.

ALICIA G. LIMTIACO, ATTORNEY GENERAL

___/s/_____
J. PATRICK MASON
Deputy Attorney General
For defendants Limtiaco and
Office of Attorney General


___/s/_____
JAMES T. MITCHELL
For defendants Suba, Artui, Anciano
and Guam Police Department

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to:

Anita P. Arriola, Esq.,
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X,
Hagåtña, Guam 96910
Email: acalaw@teleguam.net

This _____ day of January, 2010.

___/s/_____
JAMES T. MITCHELL
