**ANITA P. ARRIOLA, ESQ.**
**JOAQUIN C. ARRIOLA, ESQ.**
**LEEVIN T. CAMACHO, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS, ) | CIVIL CASE NO. CV09-00029 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MUTUAL STATEMENT** |
| PAUL SUBA, CHIEF OF GUAM POLICE ) | **REGARDING DISAGREEMENT** |
| DEPARTMENT; GUAM POLICE ) | **OF SCHEDULING ORDER AND** |
| DEPARTMENT; D.B. ANCIANO; ) | **DISCOVERY PLAN** |
| SERAFINO ARTUI; AND DOES I ) | |
| THROUGH X, ) | |
| ) | |
| Defendants. ) | |

Pursuant to L.R. 16.2(b), the plaintiff James L. Adkins ("Plaintiff") and defendants Guam Police Department, Paul Suba, D.B. Anciano and Serafino Artui (collectively "Defendants") hereby submit that they have been unable to agree upon a Scheduling Order and Discovery Plan despite good faith efforts to do so. Attached hereto as Exhibit A is Plaintiff's Proposed Scheduling Order and Discovery Plan. Attached hereto as Exhibit B is Defendants' Proposed Scheduling Order and Discovery Plan. Plaintiff and Defendants submit the following objections to the other parties' Proposed Scheduling Order and Discovery Plans.

**I.**   **Plaintiff's Objections to Defendants' Proposed Scheduling Order and Discovery Plan**

1.     Defendants' draft violates General Order No. 05-0011 and L.R. 16.1(c)(4), which govern the content of the Scheduling Order. The draft improperly includes argument and

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

discussion of defendants' purported "immediate" right to appeal a decision on their motions to dismiss, all of which are disputed by plaintiff. Denial of a claim of qualified immunity is an appealable final decision only to the extent that it turns on an issue of law, not issues of fact. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

2.     The draft provides for undue delay and extended deadlines concerning discovery, pre-trial motions, trial and other matters which are premised upon defendants' purported right to appeal a decision on their motions to dismiss. This violates L.R. 16.1(a), which mandates that "[c]ounsel are expected to complete pretrial discovery in the shortest time reasonably possible with the least expense."

3.     In paragraph 5(a), defendants indicate that initial disclosures have been exchanged by the parties. This is incorrect. The parties have only exchanged exhibit lists and witness lists as required by L.R. 16.2.

4.     The draft fails to provide for procedures for discovery of electronic evidence. While defendants claim that this is simply an "unlawful arrest" case, the types of discovery allowed in the Local Rules and Federal Rules of Evidence are not limited to the types of cases that have been filed. All of the rules allow for discovery of all relevant evidence, including all electronic discovery.

## II.     Defendant's Objections to Plaintiff' Proposed Scheduling Order and Discovery Plan

1.     Defendants have reviewed the Rule and General Order Plaintiff cites and found no prohibition that states and acknowledgment of case law stating there is a right to immediate appeal cannot be referenced in the scheduling order. Defendants believe such acknowledgment is important in this case because it may affect the outcome of the order itself. While Defendants must comply with scheduling order requirements, they must do so in a way that does not jeopardize their right to be free from discovery while qualified immunity is asserted.

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

2

2.	L.R. 16.1(a) provides that "[c]ounsel are expected to complete pretrial discovery in the shortest time reasonably possible with the lease expense." Defendants' proposal does exactly that. It is not possible to conduct discovery while qualified immunity is being asserted without violating Defendants' rights as held in the substantive law on the subject. Defendants' proposal initiates discovery as soon as possible after the issue of qualified immunity is resolved. If discovery is initiated before the issue is resolved and the issue is resolved in Defendants' favor then all parties would have incurred discovery expense unnecessarily.

3.	Defendants believe that the parties exchanged documents on January 26, 2010 and are, of course, amenable to further exchanges.

4.	Defendants do not agree with electronic discovery as it is not necessary in a case such as this. This is a simple unlawful arrest case arising from a single incident; not a complex case arising from some pattern or practice claims such as anti-trust, or employment class action, or product-design litigation. Moreover, Defendants have voluntarily provided documents in a document exchange and by way of a freedom of information request; and stand ready to provide any other discoverable documents that Plaintiff may request through traditional discovery methods.

Dated this 16th day of February, 2010.

**ARRIOLA, COWAN & ARRIOLA**	**JAMES T. MITCHELL**

BY: _____	BY: _____
**ANITA P. ARRIOLA**	**JAMES T. MITCHELL**
Attorneys for Plaintiff James L. Adkins	Attorney for Defendants Guam Police
	Department, Paul Suba, D.B Anciano
	and Serafino Artui

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

3

**ANITA P. ARRIOLA, ESQ.**
**JOAQUIN C. ARRIOLA, ESQ.**
**LEEVIN T. CAMACHO, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS, | ) CIVIL CASE NO. CV09-00029 |
| Plaintiff, | ) |
| vs. | ) |
| PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X, | ) **PLAINTIFF'S [PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN** |
| Defendants. | ) |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16.1 and 16.2 for the District Court of Guam, the parties hereby submit the following Proposed Scheduling Order and Discovery Plan:

1. **The nature of the case is as follows**:

On December 3, 2009, plaintiff James L. Adkins filed a complaint for damages, injunctive and declaratory relief against defendants Alicia G. Limtiaco, Attorney General of Guam, in her individual and official capacities; Office of the Attorney General; the Guam Police Department; and Paul Suba, Chief of the Guam Police Department, police officer Serafino Artui, and police officer D.B. Anciano, in their official and individual capacities. Plaintiff filed a First

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

Amended Complaint on December 9, 2009, dropping his claim against Limtiaco in her individual capacity. On February 4, 2010, plaintiff voluntarily dismissed Attorney General Alicia G. Limtiaco and the Office of the Attorney General as defendants.

Plaintiff alleges that on October 4, 2009, he was falsely arrested and imprisoned by some of the defendants, in violation of his civil rights under 42 U.S.C. § 1983; his constitutional rights under the First, Fourth, and Fourteenth Amendments in the U.S. Constitution and the Organic Act of Guam; and in violation of certain Guam laws. Plaintiff seeks damages against defendants Suba, Artui and Anciano. He seeks injunctive and declaratory relief against all defendants. The defendants have not filed answers to the First Amended Complaint, but have filed separate and joint motions to dismiss, otherwise denying all of plaintiff's allegations and claims for relief.

2. **The posture of the case is as follows:**

(a) The following motions have been filed in the case:

(i) All of the defendants have filed a joint motion to stay discovery pending the outcome of the motions to dismiss. No hearing dates have been scheduled on any of the motions.

(ii) *Motion to Dismiss and Supporting Memorandum of Law* filed by Alicia G. Limtiaco and Office of the Attorney General;

(iii) *Joint Motion to Dismiss Entity Defendants Guam Police Department and Office of the Attorney General; and to Dismiss Plaintiff's Local Law Claims an Supporting Memorandum of Law* filed by Guam Police Department, Alicia G. Limtiaco, Paul Suba, D.B. Anciano, Serafino Artui, Office of the Attorney General of Guam;

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

(iv)    *Motion to Dismiss and Supporting Memorandum of Law* filed by Paul Suba;

(v)    *Motion to Dismiss and Supporting Memorandum of Law* filed by D.B. Anciano and Serafino Artui; and

(vi)    *Motion to Stay Discovery and Rule 16 Scheduling Order Timelines & Supporting Memorandum of Law* filed by all defendants

Plaintiff has filed requests for oral argument on all of the motions. No hearing dates have been scheduled on any motions.

(b)    The parties have met and conferred as required by the Rules of Court. It is anticipated that further "meet and confer" events will assist in the efficient and cost-effective management of this case.

(c)    The following motions have been resolved; None of the defendants' motions have been resolved other than defendant Alicia G. Limtiaco's and Office of the Attorney General's motion to be dismissed as defendants, which is moot due to plaintiff's voluntary dismissal of those parties. The claims against the remaining defendants for damages, injunctive and declaratory relief remain pending subject to motion to dismiss.

(d)    The following discovery has been initiated: None.

3.    All motions to add parties and claims shall be filed on or before: **April 1, 2010.**

4.    All motions to amend pleadings shall be filed on or before: **April 1, 2010.**

5.    **Status of Discovery**:

The Discovery Plan is incorporated as part of this Scheduling Order as follows:

(a)    The parties will exchange initial disclosures as required by L.R. 16.7 and 26.2 on **February 19, 2010.**

Civil Case No. CV09-00029
Proposed Scheduling Order and Discovery Plan

3

**EXHIBIT A**

(b)    In addition to other required disclosures, the parties' initial disclosures shall include:  all sources and locations of electronically stored information ("ESI") that are likely to be discoverable, including the number, types and location of networks, servers, computers, cell phones, PDAs and personal computers, names and versions of operating systems, e-mail and other applications software used by the parties, identifying all users (including employees and any third parties) who have or may have generated email or other ESI, file, disk or tape labeling conventions, backup and archival disk or tape inventories, schedules and procedures, retention and destruction policies and procedures, including the litigation hold document(s) applicable to this case.  Within ten (10) days of the exchange of this information, on **February 28, 2010,** the parties will again meet and confer to discuss the timing of e-discovery, the search methodology, format(s), issues of limited accessibility, handling of ESI (and other materials) that are privileged, protected work product, proprietary or confidential, and the identification of an e-discovery liaison for each party, who is familiar with the party's electronic systems and capabilities, who will be responsible for organizing each party's e-discovery efforts, and who is prepared to work with counsel to facilitate the e-discovery process.

(c)    The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

Commencing immediately after the completion of the initial disclosures process described in (b) above, each party will propound interrogatories and requests to produce and requests for admissions within the limits set by the Local Rules and the Federal Rules of Civil

Procedure. In addition, each party may propound ten (10) additional interrogatories related to electronic information systems, internet access and usage, software, backup systems, e-mail, telephony, remote access and work-at-home issues, which shall not be counted within Rule 33(a)'s initial limitation on the number of interrogatories, provided that such interrogatories are reasonably calculated to lead to admissible evidence and are not unduly burdensome.

If either party determines that it needs to propound more discovery than permitted by the Rules, as modified by the foregoing, the parties will confer in good faith to accommodate reasonable discovery requests.

The parties anticipate taking the depositions of at least ten (10) individuals each. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. It is possible that the parties may request leave of court to allow the depositions of additional individuals.

6.      The parties shall appear before the District Court on **March 3, 2010 at 10 a.m.** for the Scheduling Conference.

7.      The parties shall exchange disclosures of expert testimony, including a Fed. R. Civ. P. 26(a)(2)(B) report from each expert by **May 24, 2010**. Any rebuttal reports shall be exchanged by **May 28, 2010.**

8.      The discovery cut-off date defined as the last day to file responses to discovery is: **May 21, 2010.**

9.      The anticipated discovery motions are: None are known at this time. The parties anticipate that they will meet in good faith to resolve discovery disputes prior to filing any discovery motions. All discovery motions shall be filed on or before: **May 24, 2010.**

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

10. The anticipated dispositive motions are: None are known at this time. All dispositive motions shall be filed on or before **May 28, 2010**.

11. The prospects for settlement are unlikely at this time.

12. The Preliminary Pretrial Conference shall be held on: **June 9, 2010.**

13. The parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be filed on or before: **June 16, 2010.**

14. The Proposed Pretrial Order shall be filed on or before: **June 16, 2010.**

15. The Final Pretrial Conference shall be held on: **June 23, 2010.**

16. The trial shall be held on: **June 30, 2010**.

17. The trial is a jury trial.

18. It is anticipated that it will take three (3) days to try this case.

19. The names of counsel in this case are:

**Counsel for Plaintiff James L. Adkins:**

Anita P. Arriola

Joaquin C. Arriola

Leevin T. Camacho

**Counsel for Defendants Guam Police Department, Paul Suba, D.B. Anciano, and Serafino Artui:**

James T. Mitchell

20. The parties are amenable to submitting this case to a settlement conference early in the litigation.

21. The parties present the following suggestions for shortening trial: The parties anticipate that they will stipulate to the admissibility of some documents and that they may

stipulate to some of the facts in the case.  In addition, some of the persons Plaintiff will call as witnesses at trial may also be called by Defendant.

22.     The following issues will also affect the status or management of the case:

Unknown at this time.

Dated this __ day of March, 2010.

_____
**HONORABLE FRANCIS TYDINGCO-GATEWOOD**
**Chief Judge, District Court of Guam**

ARRIOLA, COWAN & ARRIOLA, AGANA, GUAM 96910

James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509 ● (671) 472-4036 (fax)
email: james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Guam Police Department,
Artui and Anciano

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br><br>           Plaintiff,<br><br>      vs.<br><br>PAUL SUBA, CHIEF OF GUAM POLICE<br>DEPARTMENT; GUAM POLICE<br>DEPARTMENT; D.B. ANCIANO; and<br>SERAFINO ARTUI; etc.,<br><br>           Defendants. | Civil Case No. 09-00029<br><br>**[PROPOSED]<br>SCHEDULING ORDER AND<br>DISCOVERY PLAN** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16.1 and 16.2 for the District Court of Guam, the parties hereby submit the following Proposed Scheduling Order and Discovery Plan:

1. **The nature of the case is as follows:**

On December 3, 2009, plaintiff James L. Adkins filed a complaint for damages, injunctive and declaratory relief against Alicia G. Limtiaco, Attorney General of Guam, in her individual and official capacities; Office of the Attorney General; the Guam Police Department; and Paul Suba, Chief of the Guam Police Department, police officer Serafino Artui, and police officer D.B. Anciano, in their official and individual capacities, alleging that he was arrested in violation of the United States Constitution and local law. Plaintiff filed a First Amended Complaint on December 9, 2009, dropping his claim against Limtiaco in her individual capacity,



EXHIBIT

B

but continuing to seek injunctive and declaratory relief against her challenging the constitutionality of two local statutes. On February 4, 2010, plaintiff voluntarily dismissed Attorney General Alicia G. Limtiaco and the Office of Attorney General as defendants.

Plaintiff alleges that on October 4, 2009, he was falsely arrested and imprisoned by some of the defendants, in violation of his civil rights under 42 U.S.C. § 1983; his constitutional rights under the First, Fourth, and Fourteenth Amendments in the U.S. Constitution and the Organic Act of Guam; and in violation of certain Guam laws. The defendants have not filed answers to the First Amended Complaint, but have filed separate and joint motions to dismiss, otherwise denying all of plaintiff's allegations and claims for relief.

2. **The posture of the case is as follows:**

(a)     The following motions have been filed in the case: Fed.R.Civ.P. 12(b)(6) motions have been filed by all of the defendants, in their individual and official capacities:

(i)     *Motion to Dismiss and Supporting Memorandum of Law* filed by Alicia G. Limtiaco and Office of the Attorney General;

(ii)     *Joint Motion to Dismiss Entity Defendants Guam Police Department and Office of the Attorney General; and to Dismiss Plaintiff's Local Law Claims and Supporting Memorandum of Law* filed by Guam Police Department, Alicia G. Limtiaco, Paul Suba, D.B. Anciano, Serafino Artui, Office of the Attorney General of Guam;

(iii)     *Motion to Dismiss and Supporting Memorandum of Law* filed by Paul Suba;

2

(iv)    *Motion to Dismiss and Supporting Memorandum of Law* filed by D.B. Anciano, Serafino Artui; and

(v)    *Motion to Stay Discovery and Rule 16 Scheduling Order Timelines & Supporting Memorandum of Law* filed by all defendants

As noted, all of the defendants have filed a joint motion to stay discovery pending the outcome of the motions to dismiss. Plaintiff has filed requests for oral argument on all of the motions; defendants do not deem oral argument necessary. No hearing dates have been scheduled on any motions.

Defendants have adopted and incorporated by reference various arguments made by Attorney General Alicia Limtiaco in her motion to dismiss relating to plaintiff's claims for prospective injunctive and declaratory relief. Although the plaintiff has voluntarily dismissed the Attorney General, plaintiff's claims for prospective equitable and declaratory remain and thus the arguments for dismissal of those claims made by the Attorney General and incorporated by reference by the remaining defendants also remain for decision by the court.

(b)    The parties have met and conferred as required by the Rules of Court.

(c)    The following motions have been resolved:  None of the defendants' motions have been resolved other than defendant Alicia G. Limtiaco's and Office of Attorney General's motion to be dismissed as defendants, which is moot due to plaintiff's voluntary dismissal of those parties. The claims against the remaining defendants for damages, injunctive and declaratory relief remain pending subject to motion to dismiss.

(d)    The following discovery has been initiated: None.

3.    All motions to add parties and claims shall be filed on or before:  **April 1, 2010.**

3

4. All motions to amend pleadings shall be filed on or before: Inapplicable as an answer is not required at this time, pending resolution of outstanding motions to dismiss filed by various defendants.

5. **Status of Discovery**:

The Discovery Plan is incorporated as part of this Scheduling Order as follows:

(a) The parties have already exchanged initial disclosures as required by L.R. 16.7 and 26.2.

(b) The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

Each party will propound <u>interrogatories, requests for production, and requests for admissions</u> within the limits set by the Local Rules and the Federal Rules of Civil Procedure. If either party determines that it needs to propound more discovery than permitted by the Rules, the parties will confer in good faith to accommodate reasonable discovery requests.

The parties anticipate taking the <u>depositions</u> of no more than ten (10) individuals each, including those parties remaining and any individuals who have information or knowledge about the facts and circumstances of the case. It is possible that the parties may request leave of court to allow the depositions of additional individuals.

6. The parties are scheduled to appear before the District Court on **March 3, 2010 at 10 a.m.** for the <u>Scheduling Conference</u>.

7. The parties shall exchange <u>disclosures of expert testimony</u>, including a Fed. R. Civ. P. 26(a)(2)(B) report from each expert not later than six months following the denial of motions to dismiss that have previously been filed in this case, and provided an appeal to the

4

Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, the report(s) shall be due not later than six months following the issuance of the mandate from the court of appeals. Any rebuttal reports shall be exchanged 60 days following receipt of the original report.

8.      In the event pending motions to dismiss are denied in whole or in part, the discovery cut-off date, defined as the last day to file responses to discovery, is:  not later than nine months following the denial of any remaining motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, the discovery cutoff date shall be no later than nine months following the issuance of the mandate from the court of appeals.

9.      There is presently pending a motion to stay discovery pending resolution of outstanding motions to dismiss asserting, inter alia, the defense qualified immunity, the denial of which is an immediately appealable order. Otherwise, anticipated discovery motions are: None are known at this time. The parties anticipate that they will meet in good faith to resolve discovery disputes prior to filing any discovery motions. All discovery motions shall be filed not later than nine months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, motions related to discovery shall be due not later than nine months following the issuance of the mandate from the court of appeals.

10.     There are presently pending motions to dismiss asserting, inter alia, the defense of qualified immunity, the denial of which is an immediately appealable order. In the event one or more motions to dismiss are denied, anticipated dispositive motions will include motions for summary judgment filed on behalf of any remaining defendant. All dispositive motions shall be filed not later than nine months following the denial of motions to dismiss that have previously

5

been filed in this case, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, dispositive motions shall be due not later than nine months following the issuance of the mandate from the court of appeals.

11.     The prospects for settlement are unlikely at this time; however, the parties are willing to meet with the court to discuss unexplored possibilities of amicable resolution.

12.     In the event all pending motions to dismiss are denied, the Preliminary Pretrial Conference shall be held no later than six months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, the preliminary pretrial conference shall be held not later than six months following the issuance of the mandate from the court of appeals.

13.     The parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be filed no later than five and a half months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, the parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be due not later than five and a half months following the issuance of the mandate from the court of appeals.

14.     The Proposed Pretrial Order shall be filed no later than five and a half months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, the proposed pretrial order shall be due not later than five and a half months following the issuance of the mandate from the court of appeals.

15.     The Final Pretrial Conference shall be held no later than eight months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is

6

not taken. In the event an appeal is taken, the Final Pretrial Conference shall be held not more than eight months following the issuance of the mandate from the court of appeals.

16.     <u>Trial</u> shall be held no later than nine months following the denial of motions to dismiss, and provided an appeal to the Ninth Circuit Court of Appeal is not taken. In the event an appeal is taken, trial shall be held no later than nine months following the issuance of the mandate from the court of appeals.

17.     The trial is a jury trial.

18.     It is anticipated that trial will take three (3) days to try this case.

19.     The names of counsel in this case are:

**Counsel for Plaintiff James L. Adkins:**

Anita P. Arriola

Joaquin C. Arriola

Leevin T. Camacho

**Counsel for Defendants Guam Police Department, Paul Suba, D.B. Anciano, and Serafino Artui:**

James T. Mitchell

20.     The parties are amenable to submitting this case to a settlement conference early in the litigation.

21.     The parties present the following suggestions for shortening trial: The parties anticipate that they will stipulate to the admissibility of some documents and that they may stipulate to some of the facts in the case. In addition, some of the persons plaintiff will call as witnesses at trial may also be called by defendants.

7

22.   <u>The following issues will affect the status or management of the case:</u>   As noted above, there are pending motions to dismiss that raise the defense of qualified immunity, the denial of which may be an immediately appealable order. *See Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1945-46 (2009); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). All defendants have filed a motion to stay discovery and Rule 16 scheduling order timelines pending resolution of the motions to dismiss, the denial of which may lead to the filing of notices of appeal as of right. Accordingly, the parties are unable to present a more definite timeline of scheduled events at this time.

Dated this ___ day of February, 2010.

_____
**HONORABLE FRANCIS TYDINGCO-GATEWOOD**
**Chief Judge, District Court of Guam**

APPROVED AS TO FORM:

By:_____
        **ANITA P. ARRIOLA**

**GUAM POLICE DEPARTMENT**
Attorneys for Defendants Guam Police Department,
Paul Suba, Serafino Artui, and D.B. Anciano

By:_____
        **JAMES T. MITCHELL**

8