1

2

3

4

5

6                          DISTRICT COURT OF GUAM

7                            TERRITORY OF GUAM

8

9    JAMES L. ADKINS,                          CIVIL CASE NO. 09-00029

10                 Plaintiff,

11        vs.                                              **ORDER**
                                              Granting Motion to Stay Discovery
12   PAUL SUBA, Chief of Guam Police
     Department; GUAM POLICE
13   DEPARTMENT; D.B. ANCIANO;
     SERAFINO ARTUI; and DOES I-X,
14
                   Defendants.
15

16          Pending before the court is the Defendants' Motion to Stay Discovery and Rule 16

17   Scheduling Order Timelines (the "Motion"). See Docket No. 31. The Plaintiff has filed an

18   opposition to the Motion, see Docket No. 41, and the Defendants have filed a reply brief thereto.

19   See Docket No. 44. Although the Plaintiff has requested that a hearing on the Motion be

20   scheduled, the court believes oral argument will not further aid it in deciding the matter.

21   Accordingly, the court issues the following Order granting the motion to stay discovery at this

22   time.

23                                      **DISCUSSION**

24          On December 30, 2009, defendants Paul Suba, D.B. Anciano, and Searfino Artui filed

25   motions to dismiss, asserting qualified immunity defenses. See Docket Nos. 29-30. The court

26   has not yet ruled on these motions. The Defendants move for a stay of discovery pending the

27   court's ruling on said motions.

28          The court has broad discretionary powers to control discovery. Little v. City of Seattle,

1    863 F.2d 681, 685 (9th Cir.1988). While this district's policy is to permit discovery even while

2    a dispositive motion is pending, upon showing of good cause, the court may deny or limit

3    discovery. Fed. R. Civ. P. 26(c).

4         The Supreme Court has made it abundantly clear that a district court should stay

5    discovery until the threshold question of qualified immunity is settled. See Crawford-El v.

6    Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987);

7    Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This is because "[q]ualified immunity is 'an

8    entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S.

9    194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The privilege is "an

10   immunity from suit rather than a mere defense to liability." Mitchell, 472 U.S. at 526.

11   Qualified immunity is meant to protect public officials from the broad-ranging discovery that

12   can be peculiarly disruptive of effective government. Harlow, 457 U.S.at 817. In order to

13   minimize the costs incurred by an immune defendant, the Supreme Court has emphasized that a

14   court must resolve qualified immunity questions at the earliest possible stage in litigation.

15   Saucier, 533 U.S. at 200-01 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)). Accordingly,

16   where defendants have filed motions to dismiss based on qualified immunity, a court should

17   stay discovery until that threshold question is settled. Crawford-El, 523 U.S. at 598 ("[i]f the

18   defendant does plead qualified immunity, the court should resolve that threshold question before

19   permitting discovery").

20         Based on the Supreme Court's holdings, the court agrees that the appropriate course

21   where immunity issues are raised is to stay all further discovery until the immunity issues are

22   resolved or it is determined that limited discovery may be required. Thus, the court grants the

23   Motion and orders that all discovery be stayed pending the resolution of the pending motions to

24   dismiss and the issue of whether defendants are entitled to qualified immunity.

25   ///

26   ///

27   ///

28   ///

1       Defendant Guam Police Department ("GPD") has not moved to dismiss based on

2  qualified immunity, however,  the court finds in this instance that it would be inefficient to

3  allow discovery to proceed against GPD while discovery is stayed as to the remaining

4  defendants.  Accordingly, the court grants the motion to stay as to defendant GPD as well.

5       IT IS SO ORDERED.

6

7   **/s/ Joaquin V.E. Manibusan, Jr.**
         **U.S. Magistrate Judge**

8           **Dated:  Mar 08, 2010**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28