# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JAMES L. ADKINS, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL SUBA, Chief of Guam Police Department; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; and DOES I-X, <br><br> Defendants. | CIVIL CASE NO. 09-00029 <br><br><br> **MINUTES** |

(√) SCHEDULING CONFERENCE      ( ) PRELIMINARY PRETRIAL CONFERENCE
        March 8, 2010, at 9:40 a.m.

( ) FINAL PRETRIAL CONFERENCE      ( ) STATUS CONFERENCE

**Notes**: Representing the Plaintiff was Anita P. Arriola. James T. Mitchell appeared on behalf of the remaining Defendants.

    Judge Manibusan disclosed the following facts to counsel: (1) Judge Manibusan has known the Plaintiff for many years because their children attended the same schools; (2) the brother of Judge Manibusan's wife works for East West Rental Center, Inc. (a corporation in which the Plaintiff is the majority shareholder) and has so worked for many years; (3) like many other people on Guam, Judge Manibusan has rented items from East West Rental; (4) Judge Manibusan has known Police Chief Paul Suba for many years and has interacted with Police Chief Suba while he was in private practice many years ago; and (5) Judge Manibusan has known for many years and deeply admires Police Chief Suba's brother-in-law Johnny Sablan.

Judge Manibusan stated that his review of the law indicates that none of these facts would warrant his disqualification from the case.

Judge Manibusan stated that he was inclined to grant the Defendants' motion to stay discovery without the need for oral argument on the motion. Counsel presented brief argument in support of their respective positions. Judge Manibusan reiterated his inclination and stated that discovery would commence once the issues surrounding the qualified immunity defense has been resolved.

With regard to the dispositive motions which the Chief Judge has referred to Judge Manibusan, the court set a hearing on said motions for March 23, 2010, at 10:00 a.m. Counsel stated they would advise the court shortly if the hearing date and time was not convenient. Mr. Mitchell asked when the court anticipated a final ruling on the dispositive motions. Judge Manibusan explained the motions referral process and stated that he could not predict when a final decision would be issued, but because of the importance of the issues raised, the court would give the matter a high priority. Ms. Arriola inquired into the possibility of the Chief Judge recusing herself from the case. Judge Manibusan stated that if that were to happen, another district judge would be assigned to review the court's report and recommendation.

The court and counsel discussed the requirement under the Local Rules of Practice to commence trials within 18 months from the filing of the Complaint. Although discovery has been stayed, Judge Manibusan encouraged the parties to make every effort to come to some agreement as to when this matter can be scheduled for trial. The court stated that it would be advantageous for the parties to work on such an agreement now, rather than waiting for a final ruling on the motions to dismiss.

Ms. Arriola stated that counsel were briefly discussing an agreement to have the Plaintiff's cellular phone returned to him. Mr. Mitchell stated that the parties had agreed to have the digital image(s) at issue here and stored in the phone downloaded by a third party; and, although he initially was agreeable to release of the phone thereafter, he could not now agree to such because the cellular phone was necessary as evidence in this action. Judge Manibusan stated that although the cellular phone may be evidence, the court could always require the

1  Plaintiff to preserve the digital image(s) stored therein and to produce the phone at trial, or be
2  subject to sanctions. Ms. Arriola and Mr. Mitchell agreed to this resolution. Accordingly, the
3  court ordered the Defendants to return the Plaintiff's cellular phone to him, and further ordered
4  the Plaintiff to preserve the digital image(s) stored therein and to produce the phone at trial.
5      The conference concluded at 10:15 a.m.
6      Dated: March 8, 2010.

**Prepared by:** Judith P. Hattori
Law Clerk