ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
CALVO-ARRIOLA BLDG., HAGATNA, GUAM
P.O. BOX X, HAGATNA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALICIA G. LIMTIACO, ATTORNEY GENERAL OF GUAM; OFFICE OF THE ATTORNEY GENERAL OF GUAM; PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X,<br><br>    Defendants. | CIVIL CASE NO. CV09-00029<br><br>**PLAINTIFF JAMES L. ADKINS' REPORT TO THE COURT REGARDING RETURN OF CELL PHONE** |

On March 8, 2010, at the scheduling conference in this matter, Magistrate Joaquin V.E. Manibusan ordered that defendant Guam Police Department ("GPD") return plaintiff's cell phone, previously seized by GPD on October 4, 2009, to plaintiff. The Minutes of the scheduling conference confirm this order; they provide that the magistrate ordered "the Defendants to return the Plaintiff's cellular phone to him, and further ordered the Plaintiff to preserve the digital image(s) stored therein and to produce the phone at trial." The Minutes also note that plaintiff could be "subject to sanctions" for failing to abide by the Magistrate's Order.

Pursuant to the Magistrate's Order, on March 10, 2010, plaintiff went to the GPD

1

Property Section at Tiyan with attorney Jay Arriola. J. Adkins Decl. He received the cell phone and a GPD Evidence/Property Custody Receipt from police officer J.F. Taitano at about 1:40 p.m. Id., Exh. A. After Mr. Adkins' arrest and the seizure of his cell phone, he returned to the Tumon police station and signed his signature on the exterior of the plastic custody bag. Id. When he picked up his cell phone on March 10, the custody bag containing the cell phone was not the same as the one he signed on Oct. 4, it had been placed in a different custody bag and his signature was missing. Id., Exh. B.

Upon obtaining his cell phone, Mr. Adkins tried to turn on the cell phone but it would not turn on. J. Adkins Decl. Mr. Adkins went home to get his cell phone charger but the cell phone would still not turn on. Id. He went to Docomo to get assistance and met with Jeremy Young, a Docomo employee. Id. Mr. Young examined the cell phone and put in a new battery. J. Young Decl. Mr. Adkins wanted to view the photographs on his cell phone so Mr. Young took the memory card from the cell phone and inserted it in a Docomo computer, but the photographs were unreadable, no images were able to be viewed. J. Young Decl. Mr. Young then inserted the memory card back in the cell phone and they were able to view the photographs on the memory card. J. Adkins Decl.; J. Young Decl. All of the photographs Mr. Adkins previously took on the cell phone camera are intact **except for the photographs that he took of the automobile accident scene at Paseo de Oro on October 4, 2009 – they are missing.** J. Adkins Decl. Mr. Young's further examination of the cell phone shows that there was water damage to the cell phone. J. Young Decl. According to Mr. Young, in the back of the phone there is a white sticker; when the white sticker turns red, it is an indication that there is water damage to the phone. Id. The sticker is red. Id. During the time that the cell phone was in Mr. Adkins' possession, both before and after its seizure by police officers, it was not immersed in or exposed

2

to any water. J. Adkins Decl.

The GPD Evidence/Property Custody Receipt that was given to Mr. Adkins shows that Mr. Adkins' cell phone was logged in on October 4, 2009 at 16:48 hrs. by PO1 S. Artui. J. Adkins Decl., Exh. A. On October 4 at 12:04 a.m., it was logged in again by PO1 Artui. Id. On October 5, 2009 at 11:00 a.m. PO3 A.J. Kamminga logged the cell phone into an "evidence box." Id. On October 5, 2009 PO3 A.J. Kamminga logged in the cell phone into the "vault/bin" at 12:00 p.m. Id. Nothing further occurred until December 7, 2009 – **four days after this lawsuit was filed.** Id. On December 7, P.C.O. John F. Taitano signed out the cell phone at 3:05 p.m. for "retrieval of evidence." Id. On the same day, at 3:15 p.m. PO3 J.P. Rodriguez signed out the cell phone for "evidence analysis". Id. Over an hour later, at 4:35 p.m., the cell phone was returned by Rodriguez to Taitano. Id. On page 2 of the custody receipt there is a handwritten notation that the cell phone camera was to be relinquished to PO3 Rodriguez "by direction and verbal request standing instruction by Mr. Jim Mitchell". Id.

Plaintiff believes that his cell phone was tampered with, resulting in deletion of the photographs of the automobile accident that were taken by him on October 4. Because the Court ordered the cell phone and any digital images to be preserved by plaintiff under penalty of sanctions, plaintiff has requested that defendant stipulate to sending the cell phone and the memory card to a company called Data Recovery Specialist ("DRS") in Chatworth, California. DRS specializes in retrieval of photographs from memory cards, including memory cards for cell phone cameras. Plaintiff's counsel has confirmed with Dan Strizich of DRS that he has experience in retrieving photographs from memory cards of the type used in plaintiff's cell phone.

The photographs taken by plaintiff on October 4 of the automobile accident are the crux

3

of his case against defendants. The photographs were last seen by plaintiff when he took them, but after being in GPD's possession and control, they have mysteriously vanished from plaintiff's cell phone and memory card. Plaintiff requests that the Court grant the Stipulation executed by the parties in order to allow DRS to attempt to retrieve plaintiff's photographs of the automobile accident from the cell phone or the memory card.

Dated this 18th day of March, 2010.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: _____
ANITA P. ARRIOLA

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2010, a true and correct copy of Plaintiff James L. Adkins' Report to the Court Regarding Return of Cell Phone was personally delivered to:

>JAMES T. MITCHELL, ESQ.
>Legal Counsel
>Guam Police Department
>Bldg. 233, Central Ave.
>Tiyan, Guam 96913

Dated this 18th day of March, 2010.

*[signature]*
_____
ANITA P. ARRIOLA