James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509 • (671) 472-4036 (fax)
email: james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Guam Police Department,
Artui and Anciano



**FILED**
DISTRICT COURT OF GUAM
MAR 24 2010
JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br>    Plaintiff,<br><br>vs.<br><br>PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT, etc., et al.,<br><br>    Defendants. | Civil Case No. 09-00029<br><br>SUPPLEMENT TO THE REPORT TO THE COURT REGARDING RETURN OF CELL PHONE |

The attached documents are filed in the spirit of the doctrine of completeness and are intended to supplement the documents Plaintiff filed on March 18, 2010. The attached documents are: (1) a cover letter to Anita P. Arriola with an evidence analysis and incident report attached; and (2) a series of e-mails between Anita P. Arriola and James T. Mitchell. In addition http://www.articlesnatch.com/Article/Water-Damage--Moisture--And-Your-Bell-Phone/694191 is submitted for the Court's perusal at the appropriate time. This link pertains to moisture and water damage to cell phones.

Dated this 24th day of March, 2010.

                GUAM POLICE DEPARTMENT
                Attorney for Defendants Guam Police Department,
                Paul Suba, Serafino Artui, and D.B. Anciano

                By: _____
                    JAMES T. MITCHELL




# GUAM POLICE DEPARTMENT
## DIPÅTTAMENTON POLISIAN GUAHAN
### Government of Guam

**FELIX P. CAMACHO**
Governor of Guam

**MICHAEL W. CRUZ, M.D.**
Lieutenant Governor

Bldg. 233 Central Avenue. Tiyan. Guam 96913
P.O. Box 23909 Barrigada, Guam 96921
Telephone: (671) 475-8473 (Switchboard);(671) 475-8508 / 8509 / 8512
Fax: (671) 472-4036

**PAUL R. SUBA**
Chief of Police

**COLONEL JOAQUIN G. REYES**
Police Commander

March 17, 2010

Anita P. Arriola, Esq.
Law Offices Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Calvo-Arriola Building
Hagatña, Guam 96910

    Re:    **Evidence Analysis of Mr. Adkins' Cell Phone**

Dear Anita:

I have enclosed a copy of the subject evidence analysis and an incident report. Please be advised that the software mentioned in the evidence analysis is designed to read data on media without altering MAC times; that is, without altering the data. GPD does have software to reconstruct deleted or damaged files. GPD opted not to use that software in order to avoid the risk of contamination. In other words, GPD wanted to preserve the data as it existed.

                                       Sincerely,

                                       JAMES T. MITCHELL
                                       **Legal Advisor**

Enclosure
JTM:scr

ARRIOLA, COWAN, ARRIOLA

Vanessa 4:29



## GUAM POLICE DEPARTMENT
### DIPÅTTAMENTON POLISIAN GUAHAN
### GOVERNMENT OF GUAM
HAGÅTÑA, GUAM 96932

March 17, 2010

**MEMORANDUM**

To:        Mr. James Mitchell
            GPD Legal Advisor

Via:       Channels

From:     Property Control Officer John F. Taitano
            Evidential Control Section

Subject:   **Incident Report**
            **Re:**     **Case Number 09-25982 Confiscated Property**

RECEIVED MAR 17 2010 Guam Police Department Office of the Chief

Sir, this missive is submitted in reference to a confiscated property (Case# 09-25982) described as a: beige Nokia Cellular Phone E Series E71.

Said item was confiscated from James L. Adkins by Officer S. Artui on October 4, 2009 and deposited at the Evidence Box located at the Hagatna Police Precinct. On October 5, 2009 at 11:00 a.m., said item was retrieved from the Evidence Box by Officer A.J. Kamminga, processed and stored at the Evidential Control Section (ECS), building #235 Central Avenue, Tiyan.

On December 7, 2009 at 3:15 p.m., by verbal direction from Mr. Mitchell, I had relinquished said item to Officer J.P. Rodriguez for the purpose of analysis of evidence. At 4:55 p.m., same date, Officer Rodriguez had relinquished said item back into ECS custody by which I had secured said item.

On March 10, 2010, by court order, I had relinquished said item to Mr. Adkins. Although I cannot note the condition of the item when it was initially retrieved from the Evidence Box, I can however say that the climate/condition of the evidence room where the item was secured is controlled by a split air condition unit which is kept running 24 hours a day. The clear plastic bag that the item was stored in was sealed and turned in by the confiscating officer. Although Mr. Adkins did state that the bag the phone was stored was not the original bag that he placed the item in, please note that that was the bag that was turned in by the confiscating officer. It is also noteworthy to add that when the bag was retrieved on December 7, 2009, turned in the same day and released on March 10, 2010, the bag and contents appeared to be dry and showed no signs of moisture. On March 10, 2010, I had opened the bag in the presence of Mr. Adkins and his attorney by which the phone was also dry and had no indication of moisture. Since the bag was originally sealed by the confiscating officer and later re-sealed by Officer Rodriguez, the bag showed no signs of tampering in any way.

Submitted for your information and disposition.

John F. Taitano #971

I. **ASSIGNMENT RECEIVED:**　　　2:10 PM　12/7/09

While at my current office (Rm#126 1st Floor Building #235) I received instructions to conduct computer forensic assistance relative to an Arrested Person complaint (ref. Cs#09-25982) from GPD Forensic Science Division's Chief, Capt. M.A. Babauta. Capt. Babauta instructed me to retrieve a Cellular Phone from GPD's Evidential Control Section (ECS) that was confiscated as evidence reference to the above mentioned complaint and to apply my forensic training in retrieving/verifying digital images that may or may not be stored on the cellular phone. I acknowledged and proceeded to GPD's ECS.

II. **ARRIVED/BRIEFED:**　　　2:30 PM　12/7/09

While at the ECS in Tiyan (1st Floor Building #231), I met with Property Control Officer John F. Taitano and briefed him as to the nature of my presence. PCO Taitano then indicated that he needs to verify my directives with Attorney James T. Mitchell at the Chief's Office to which the following was noted:

- That Attorney Mitchell did in fact assign Capt. Babauta the task of having myself (the undersigned investigator) conduct a limited forensic investigation reference to any digital images that may or may not reside in the cellular phone's memory.
- That Attorney Mitchell advised that he had received such instructions from the Civil Division of the ATTORNEY GENERAL'S OFFICE.
- That in addition to Attorney Mitchell's concurrence, Sgt. Mark A. Torre (Officer-in-Charge of Legal Section) also gave clearance to proceed with my task.

III. **ITEM RECEIVED / RELINQUISHED:**　　　3:15 PM　12/7/09

While at the same location (ECS), PCO Taitano relinquished the aforementioned cellular phone herein described as a:

> **"Nokia" brand cellular phone**
> **Model No: E71**
> **Silver and Black in color**

The Item was packaged in a clear plastic zip-lock bag.
*Note: Please refer to the attached photocopy of the Custody Receipt for details.

GUAM POLICE DEPARTMENT
CONFIDENTIAL
To be used for Law Enforcement purposes only
Not to be duplicated, its contents are not to be distributed outside your agency.

PO3 Jesse P. Rodriguez　　　　　　　　　　　　　Capt T.C. Santos
Officer Assigned　　　　　　　　　　　　　　　　Supervisor

### IV. **FORENSIC PROCEDURES CONDUCTED:** 3:30 PM  12/7/09

While at my current office in Tiyan (Rm# 126 1st Floor Building #235, which during these procedures was secured with no access to unauthorized personnel), I began with the forensic portion of the investigation to which the following was done / noted:

1. Small incision in the plastic zip lock bag was made to extract the cellular phone.
2. No physical defects were noted at the time of retrieval.
3. Removal of the external memory module, which is located on the side of the phone, was done
    a. External Memory module was noted to be a "SAN DISK" 1GB (gigabyte) MicroSD card (Secure Digital Flash memory card) – For storage capability.
4. Utilizing a GPD Forensic Laptop (Dell Latitude E6400 ATG with forensic software loaded) and HELIX v2.0 (a bootable live-linux based computer forensic tool kit from E-fense that mounts an operating system, hard drive or memory card without writing to the media) and a MicroSD card adapter a check of the external memory module (SAN DISK) was attempted.
    a. 3:38 PM this date, It was noted that the memory card could not be mounted on the linux platform (Helix)... indicating that the memory card may be defective.
5. Utilizing the aforementioned GPD Forensic Laptop and WinHex Forensic v15.3 (a Windows operating system based computer forensic tool kit from X-Ways that can also mount an operating system, hard drive or memory card without writing to the media) and a MicroSD card adapter another check of the external memory module (SAN DISK) was attempted.
    a. 3:58 PM this date, It was noted again that the memory card could not be "seen" by the software (WinHex Forensic)... again indicating that the memory card may be defective.
    b. At about 4:00 PM this date, I contacted Attorney Mitchell via telephone and reported to him that the memory card was not readable.
    c. I also indicated to him that the cell phone no longer held a charge and would not turn on without a charger.
6. Attorney Mitchell then gave the authorization for the undersigned officer to utilize the officer's personal cellular phone (Motorola V3M silver) which has the capability of reading a microSD memory module with negative results (nothing of an evidentiary nature relative to Digital images).
    a. The memory card was being "read as" "card unformatted", this is indicative of either a defective module or a brand new unformatted memory card.

    7. The cell phone was then placed back into the plastic zip lock bag and sealed and endorsed by myself (the undersigned). *See Item #1 on photocopy of the custody receipt.

## V. ANALYSIS CONCLUDED:　　　　　　　4:40 PM 12/7/09

While at the same location (Rm#126), It was concluded that no further analysis of the phone's internal memory could be conducted without a power supply for the cellular phone and that there is at this time no digital images to be retrieved from the external memory module.

## VI. ITEM RETURNED:　　　　　　　　4:55 PM 12/7/09

While at the ECS in Tiyan, I relinquished the aforementioned Cell Phone back to PCO Taitano for Safekeeping.
*Note: Please refer to the attached photocopy of the Custody Receipt for details.

## VII. RECOMMENDATION:

I recommend that this supplement be attached to the original report as additional information.

PO3 Jesse R. Rodriguez　　　　　　OPEN　　　　　Cpl TC Santos 475
Officer Assigned　　　　　　　　　　　　　　　　　　Supervisor

**16. CHAIN OF CUSTODY (continued)**

| ITEM NO. | DATE & TIME | RELINQUISHED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| 1 | 10/5/09 12:00PM | Name: PO3 A.J. KAMMINGA #503 Signature: A.J.K. | Name: E.C.S. Signature: VAULT / BIN E | EVIDENCE & STORAGE |
| 1 | 12-7-09 3:05pm | Name: E.C.S. Signature: VAULT / BIN (E) | Name: P.C.O. JOHN F. TAITANO #971 Signature: Taitano, JF | RETRIEVAL OF EVIDENCE |
| 1 | 12-7-09 3:15pm | Name: P.C.O. JOHN F. TAITANO #971 Signature: Taitano, JF | Name: PO3 J.P. RODRIGUEZ Signature: | EVIDENCE ANALYSIS |
| 1 | 12/7/09 4:55PM | Name: PO3 J.P. RODRIGUEZ #866 Signature: | Name: J.F. TAITANO #971 Signature: | EVIDENCE |
| 1 | 12-7-09 5:15pm | Name: J.F. TAITANO #971 Signature: | Name: EVIDENCE VAULT BIN ( E ) Signature: | EVIDENCE STORAGE |
| 1 | 3-10-2010 11:00AM | Name: EVIDENCE VAULT BIN ( E ) Signature: | Name: J.F. TAITANO #971 Signature: | RETRIEVAL OF EVIDENCE |

**17. REMARKS** Reference to (09-25977) #1 Relinquish to P.O.3 J.P. Rodriguez By Written and Verbal Request Standing instruction By Mr. Jim Mit Cpt Boboneta (FSO/one) Sgt JP Roban owi E.C.S. Sgt M.A. Torres owi internal affairs section. /s/ 921 12-7-09 3:15pm

**18. DISPOSAL ACTION**

Indicate in disposal action column (on front), by letter code, type of action. CODES: (A) Returned to submitting agency (C) Superior Co (D) Destroyed (F) District Court (I) Returned to Individual owner (M) Other method - explain in remarks.

If disposal action is (I), complete the following:

Release of article(s) indicated as Item(s) No. _____ authorized by _____

I, JAMES L. ADKINS, rightful owner / authorized agent, hereby acknowledge receipt o
Item(s) No. #1, as indicated on front, in good condition from E.C.S. Bin (E)
958 N. MARINE DR. TAMUNING, GUAM 3-10-10

Signature of Owner / Agent    Address    Date

If disposal action is (D), complete the following:

On _____, the following Item(s) No. _____ were destroyed as authorized by _____

EVIDENCE TECHNICIAN (Signature & Date)    WITNESS (Signature & Date)    EXHIBIT (1) 6

## GUAM POLICE DEPARTMENT
## EVIDENCE/PROPERTY CUSTODY RECEIPT

| 1. CLASSIFICATION | 2. CASE No. | 3. DIVISION | 4. PROPERTY No. | 5. LAB No. |
|---|---|---|---|---|
| Arrested person | 09-25982 | NHP/TTPC | 09100530 | |

| 6. NAME OF PERSON FROM WHOM PROPERTY IS OBTAINED | 7. ADDRESS |
|---|---|
| ☒ OWNER: JAMES L. ADKINS M/CAU/DOB:5/12/1942 | #168 Paseo de Oro Tamuning |
| ☐ OTHER #168 Paseo de Oro Tam. 649-0556 DL#122808058 | 8. PHONE: (H) 649-0556 (W) 646-1463 |

**9. LOCATION OF PROPERTY WHEN OBTAINED**
On his person (James L. Adkins)

**10. PURPOSE FOR WHICH OBTAINED**  ☒ EVIDENCE  ☐ FOUND  ☐ IMPOUNDED
☐ ANALYSIS (Attach Evidence Analysis Request Form, G.O. 85-11)
☐ OTHER (Specify)

**11. DATE/TIME OBTAINED:** 10/04/09 1648hrs

| 12. ITEM NO. | 13. QUANTITY | 14. DESCRIPTION OF PROPERTY | 15. DISPOSAL ACTION |
|---|---|---|---|
| 1 | 1 EA. | Sealed in a clear plastic bag: Beige Nokia cellular phone Eseries E71 — Nothing follows — | |

### 16. CHAIN OF CUSTODY

| ITEM NO. | DATE & TIME | RELINQUISHED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| 1 | 10/04/09 1648hrs | James L. Adkins | PO1 S. Artui #700 | Evidence |
| 1 | 10/04/09 12:07AM | PO1 S. Artui #700 | Evidence Box | Evidence |
| 1 | 10/5/09 11:00AM | HPC / Evidence Box | PO3 A.J. Kamminga #503 | EVIDENCE |

CHAIN OF CUSTODY CONTINUED ON REVERSE    E.C.S.

DO NOT WRITE IN THIS SPACE
CLS  S No. 09-25982  PR No. 09100530  LOC  VAULT / BIN E

EXHIBIT (1) 7

Print                                                                                         Close

# RE: Cell Phone Analysis

From: **Anita P. Arriola** (anitaarriola@teleguam.net)
Sent: Mon 3/15/10 4:57 PM
To:     'James Mitchell' (cooljtm@hotmail.com)

Jim:

As I mentioned earlier, I would like to see the evidence analysis before filing the Stipulation with the court.

**Anita P. Arriola**
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Tel: 671 477-9730
Fax: 671 477-9734

The preceding e-mail contains information that is confidential, may be protected by the attorney-client or other applicable privileges, and may constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at (671) 477-9730/9733. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

---

**From:** James Mitchell [mailto:cooljtm@hotmail.com]
**Sent:** Monday, March 15, 2010 2:20 PM
**To:** Anita Arriola
**Subject:** RE: Cell Phone Analysis

Hello Anita:

The draft Stipulation looks fine.

In addition to the evidence analysis, I am having an incident report prepared regarding the cell phone. When you get these documents, you will find that at all relevant times GPD maintained the phone in a climate controlled environment. It would be helpful if Data Recovery Specialist could determine the date the cell phone received water damage.

Thanks,

Jim

---

From: anitaarriola@teleguam.net
To: cooljtm@hotmail.com
Subject: RE: Cell Phone Analysis
Date: Fri, 12 Mar 2010 16:17:31 +1000

Jim:

Enclosed please find a draft Stipulation. Under the local rules, I will need to submit a separate Order.

Please let me know your comments/revisions to the stipulation.

**Anita P. Arriola**
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Tel: 671 477-9730
Fax: 671 477-9734

The preceding e-mail contains information that is confidential, may be protected by the attorney-client or other applicable privileges, and may constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at (671) 477-9730/9733. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

---

**From:** James Mitchell [mailto:cooljtm@hotmail.com]
**Sent:** Friday, March 12, 2010 3:19 PM
**To:** Anita Arriola
**Subject:** RE: Cell Phone Analysis

I will have the analysis to you early next week. Data Recovery Specialist is fine.

Jim

---

From: anitaarriola@teleguam.net
To: cooljtm@hotmail.com
Subject: RE: Cell Phone Analysis
Date: Fri, 12 Mar 2010 11:11:31 +1000

Dear Jim:

I have located a company called Data Recovery Specialist in Chatworth, California. The contact person is Dan Strizich. Since we are under a court order to preserve the digital images and the cell phone, I will prepare a Stipulation and Order for the judge to sign allowing the cell phone and memory card to be sent to DRS. It would be helpful to have the report before we send everything to California.

**Anita P. Arriola**
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Tel: 671 477-9730
Fax: 671 477-9734

The preceding e-mail contains information that is confidential, may be protected by the attorney-client or other applicable privileges, and may constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at (671) 477-9730/9733. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

---

**From:** James Mitchell [mailto:cooljtm@hotmail.com]
**Sent:** Friday, March 12, 2010 11:03 AM
**To:** Anita Arriola
**Subject:** Cell Phone Analysis

Dear Anita:

I agree that you and Mr. Adkins are entitled to a report of evidence analysis. I have someone working on that. I also agree to an expert to determine when the photographs were deleted; and especially agree for an expert to attempt to retrieve the photographs. We are very much interested in seeing the photographs. Just let me know when you identify an expert. I am pretty much sure that I will have no objections.

Jim

---

Hotmail: Powerful Free email with security by Microsoft. Get it now.

Hotmail: Trusted email with powerful SPAM protection. Sign up now.

Your E-mail and More On-the-Go. Get Windows Live Hotmail Free. Sign up now.