James T. Mitchell
Guam Police Department
233 Central Avenue
Tiyan, Guam 96913
(671) 475-8509   (671) 472-4036 (fax)
james.mitchell@gpd.guam.gov
Attorney for defendants Suba, Artui, and Anciano.

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **JAMES L. ADKINS**, | ) |
| Plaintiff, | ) Civil Case No. 09-00029 |
| vs. | ) |
| | ) **DEFENDANTS SUBA'S, ARTUI'S AND** |
| **GUAM POLICE DEPARTMENT, et al.**, | ) **ANCIANO'S JOINT OBJECTION TO** |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) **RE: MOTIONS TO DISMISS OFFICIAL** |
| | ) **CAPACITY CLAIMS** |
| | ) |

Defendants Paul Suba, Guam Chief of Police; Police Officer D.B. Anciano; and Police Officer Serafino Artui respectfully object to the *Report and Recommendation re: Motions to Dismiss* entered by the magistrate-judge on April 22, 2010. Specifically, defendants submit that the magistrate-judge's analysis recommending that the motions to dismiss the ninth and tenth causes of action in the first amended complaint which seek prospective injunctive and declaratory relief against defendants in their official capacities be denied is in error; and that in the current posture of the case, the ninth and tenth causes of action fail to state justiciable claims upon which relief can be granted.[1]

---

[1] Mr. Adkins' ninth cause of action seeking declaratory relief alleges "[a] controversy has arisen between plaintiff and defendants relative to their legal rights and duties under the Act and the charge" for which he was arrested. (First Amended Complaint, "FAC," ¶ 58) He fears that without a declaratory judgment, the Attorney General "will enforce the Act and the Charge by prosecuting plaintiff under both." (FAC ¶ 61) His tenth cause of action seeks injunctive relief enjoining all defendants *from prosecuting him* criminally in the local courts of Guam. He claims, "If the Act and the Charge are allowed to be enforced and executed by all of the defendants against the plaintiff, plaintiff will be subjected to serious, immediate and irreparable injury in that he will face criminal prosecution and incarceration." (FAC ¶ 64)

**I. Mr. Adkins having voluntarily dismissed the Attorney General, the remaining defendants cannot provide the relief he seeks.**

At page 6, ll. 7 – 9 of its report, the magistrate-judge stated, "Consistent with *Will v. Michigan Dep't of State Police*[, 491 U.S. 58 (1989)]¸ *Guam Soc. Of Obstetricians and Gynecologists v. Ada*[, 962 F.2d 1366 (9th Cir. 1992)], and the other cases cited above, the court will deny dismissal with regard to the ninth and tenth cause of actions which have been brought against Defendants in their officials capacities." It is true, as the magistrate judge states at page 6, line 1, that "[s]uits for declaratory relief are permissible against state officials in their official capacities." Defendants have never suggested otherwise. That, however, does not mean Adkins has stated a justiciable claim for prospective equitable and declaratory relief against them.

When Mr. Adkins voluntarily dismissed the Attorney General, *see Plaintiff James L. Adkins' Notice of Dismissal of Action Against Alicia G. Limtiaco, etc.*, Doc. 50 (filed Feb. 4, 2010), there was no one left in the lawsuit in a position to afford Mr. Adkins the declaratory and injunctive relief he seeks. Officers Artui and Anciano and Chief Suba are not empowered under Guam law to determine whether or not Mr. Adkins will be prosecuted based upon the events alleged in the complaint. The legal authority to prosecute and enforce the statutes at issue in this case that Mr. Adkins fears may be turned his way is reserved exclusively under Guam law to the Attorney General. *See* 5 GCA § 30104 ("The Attorney General shall have cognizance of all matters pertaining to public prosecution, including the prosecution of any public officials.").[2]

---

[2] The plaintiff agrees, as he must, that it is the Attorney General who enforces the laws which govern the practices being challenged here which give Mr. Adkins standing to complain. *See* plaintiff's *Memorandum of Points and Authorities in Opposition to Motion to Dismiss Filed by Attorney General Alicia G. Limtiaco*, Doc. 39, p. 1 ("The AG may prosecute Mr. Adkins at will."); *id*, p. 5 ("Similarly, the AG's decision not to prosecute Mr. Adkins is neither binding nor permanent, and has no effect on this case or Mr. Adkins' claims against the AG. At any time, *the*

Defending the constitutionality of local laws at issue here, facially or as-applied, is the province of the Attorney General, not the police. The only defendant ever in a position to afford plaintiff the declaratory and equitable relief he seeks – not to be prosecuted – has been voluntarily dismissed.

**II. The Magistrate-Judge erred in declining to consider the undisputed fact that the Attorney General declined prosecution prior to the filing of this federal lawsuit.**

The report and recommendation appears to rest on the assumption that the only argument defendants have presented is that Mr. Adkins' due process claim is moot because the Attorney General has issued a memorandum declining prosecution prior to the filing of the complaint in this case. The fact that the Attorney General had declined to prosecute Mr. Adkins before he filed his complaint is undisputed.[3] Nevertheless, the magistrate-judge declined to consider that fact, because it does not appear within the four corners of complaint.[4]

Defendants Suba, Artui and Anciano appreciate why the magistrate-judge declined to include in its deliberations the fact that the Attorney General had already declined prosecution

---

*Prosecution Division* may change its mind for any reason and prosecute the case against Mr. Adkins at will.") (footnote omitted; emphasis added); *id*., p. 6 ("The AG and her office believe that the statutes are constitutional *and they will enforce the statutes by prosecuting plaintiff* under both.") (emphasis added).

[3] *See Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Filed by Attorney General Alicia G. Limtiaco*, Doc. 39 (filed Jan. 19, 2010), p.4, n. 2 ("On or about December 17, 2009, Deputy Attorney General Pat Mason advised plaintiff's counsel that the Prosecution Division had declined prosecution of Mr. Adkins on October 5, 2009. Plaintiff's counsel requested a copy of the 'Prosecution Decline Memorandum' and he agreed to supply a copy… [T]he memorandum was finally provided to plaintiff's counsel on December 23, 2009….").

[4] *See Report and Recommendation*, p. 11, ll. 22 – 26 ("In their Motion, Defendants appear to suggest that this issue is rendered moot in light of the Attorney General's issuance of a 'decline to prosecute memorandum'. The court notes, however, that it cannot give judicial notice to such

3

before this case was filed, and that is because it was "outside the scope of the pleadings in the first amended complaint." *Report and Recommendation*, p. 11, ll. 22 – 26.[5] Ordinarily, [i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss… The focus of any Rule 12(b)(6) dismissal-both in the trial court and on appeal-is the complaint." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993)) (emphasis in original). And ordinarily, when a plaintiff answering a motion to dismiss attempts to supplement facts omitted from a complaint, it is not allowed. "[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, e.g., facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions." *Johnson v. Wennes*, 2009 WL 1228500 * 1 (S.D. Cal. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003); and *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.1998)); *accord Pataky v. City of Phoenix*, 2009 WL 4755398 * 3 (D. Ariz. 2009); *Easter v. CDC*, 2010 WL 903165 * 4 (S.D. Cal. 2010).

That general principle does not apply, however, when the fact omitted in the complaint is not in dispute between the parties. Here, plaintiff has conceded that he has received a copy of the memorandum declining prosecution. He may dispute its application and interpretation, but the

---

a fact because it is outside the scope of the pleadings in the first amended complaint. Such an argument may be appropriate in a summary judgment motion.").

[5] Defendants do not understand the court's citation to *Thompson v. Lambert*, 2004 WL 1673102 (D. Or. 2004); and *Butler v. San Diego District Attorney's Office*, 370 F.3d 956 (9th Cir. 2004), as both those cases were decided in the context of summary judgment motions, not motion to dismiss. Defendants do not argue with the principle, however, that a court's consideration of a motion to dismiss is generally confined to the factual allegations contained in the complaint.

4

fact that the Attorney General issued a memorandum declining to prosecute Mr. Adkins before his case was filed here has been conceded. As noted by the Seventh Circuit Court of Appeals in a case cited with approval by the Ninth Circuit in *Schneider v. California Dept. of Corrections*, *supra*, 151 F.3d at 1197 n. 1, "[s]uits are frequently dismissed as frivolous because of concessions made or facts established after the complaint was filed." *Harrell v. United States*, *supra*, 13 F.3d at 236.

> It is true that a plaintiff cannot amend his complaint in his appeal brief. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989). But just as he might make a concession in his brief that showed that his case has no merit, though that might not have been apparent from the complaint, *Harrell v. United States*, *supra*, 13 F.3d at 235-36, so he can be estopped by statements in his appeal brief to deny the interpretation that the brief places on the complaint, if the invocation of estoppel is required for the protection of his opponent. As it is here.

*Kennedy v. Venrock Associates*, 348 F.3d 584, 594 (7th Cir. 2003). And that is what is before this court as well – a fact omitted from the complaint, unknown to the plaintiff at the time of filing, but conceded in later pleadings that he is now estopped to deny. And for good reason: To "prevent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based…." *Parrino*, 146 F.3d at 705-06; *accord Mason v. Arizona*, 260 F.Supp.2d 807, 814 (D. Ariz. 2003) (quoting *Parrino*, 146 F.3d at 705-06). Canvassing cases from within the Ninth Circuit and other courts, the Supreme Court of Guam recently explained the rule applicable here:

> The general rule that a court may not consider extrinsic evidence outside the pleadings for the purposes of ruling on a 12(b)(6) motion is subject to at least two exceptions. *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F.Supp.2d 972, 979 (N.D.Cal.2005). One of these exceptions is relevant here. Documents whose authenticity cannot be questioned and on which plaintiff's complaint "necessarily relies" may be considered in ruling on a Rule 12(b)(6) motion. *Id.* (citation omitted). For this exception to apply, such documents must be "integral" to the plaintiff's complaint and "dispositive" in the dispute. *Id.*; *see*

5

Case 1:09-cv-00029   Document 68   Filed 05/06/10   Page 5 of 11

> *also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (finding that in ruling on a 12(b)(6) motion to dismiss, a court may consider outside documents "upon which the plaintiff's complaint necessarily relies"), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3rd Cir.1993) (holding that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if it is dispositive of plaintiff's claims). Courts have reasoned that failure on the part of plaintiffs to reference or attach to their complaints such "integral" documents "rais[es] the spectre that plaintiff failed to incorporate them by reference in the complaint as a means of avoiding Rule 12(b)(6) dismissal." *Hotel Employees*, 393 F.Supp.2d 972, 979.

*Newby v. Government of Guam*, 2010 Guam 4 ¶ 15. Mr. Adkins' arguments depend upon the fiction that the Attorney General has not declined to prosecute. He is estopped by his own pleadings to deny it, and there is no reason the court may not consider it.[6]

**III. Even without considering the Attorney General's memorandum declining prosecution, plaintiff's official capacity claims for prospective injunctive and declaratory relief are not merely moot. If they are not barred by the *Younger* abstention doctrine, they are non-justiciable.**

The report and recommendation contains no analysis of the standing and justiciability questions, other than rejecting the argument, for now, that the claims for declaratory and injunctive relief are moot because the Attorney General has issued a memo declining to prosecute. But there was more to the defendants' argument than that the claims were moot before they were filed. The report fails to address those arguments filed by the Attorney General that

---

[6] Indeed, because it involves the justiciability of Mr. Adkins claims for prospective equitable relief and therefore the court's jurisdiction with respect to those claims, it is appropriately considered. *See Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) ("Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction 'may be made as a "speaking motion" attacking the existence of subject matter jurisdiction' without converting the motion into a motion for summary judgment.") (quoting *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); (additional citations omitted)); *Greene v. U.S.*, 207 F.Supp.2d 1113, 1119 (E.D. Cal. 2002).

were expressly adopted by the remaining defendants before she was voluntarily dismissed.[7] The defendants have not argued merely that Mr. Adkins' demands for prospective equitable relief were moot; they argued those claims were *non-justiciable*.

With or without the memorandum declining prosecution, Mr. Adkins' claims for declaratory and injunctive relief fail to state a claim for two independent and alternative reasons.[8] If there *is* a pending prosecution as alleged in the first amended complaint, this federal action is barred by the *Younger* abstention doctrine.[9] "If *Younger* applies, a court may not retain

---

[7] *See Defendants Serafino Artui's and D.B. Anciano's Motion to Dismiss & Supporting Memorandum of Law*, Doc. 30 (filed Dec. 30, 2009), n. 3 and accompanying text ("The Attorney General has filed a motion to dismiss all claims for declaratory and injunctive relief against all defendants, and all defendants have filed a motion to dismiss all claims against the "entity" defendants and all claims against those defendants sued in their official capacities. Those arguments are expressly adopted and incorporated by reference here. *See* Fed.R.Civ.P. 10(c) ('A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.')."); *Defendant Paul Suba's Reply to Plaintiff's Opposition To Motion To Dismiss & Supporting Memorandum of Law*, Doc. 47 (filed Jan. 29, 2010), p. 1, n. 2 ("The Attorney General has filed a motion to to [sic] be dismissed, and to dismiss all claims for declaratory and injunctive relief against all defendants. (Docs. 27 and 47). All defendants have filed a separate joint motion to dismiss all claims against the "entity" defendants and all claims against those defendants sued in their official capacities. (Docs. 28 and 45). The arguments in those pleadings are adopted and incorporated by reference here.") (citing and quoting Fed.R.Civ.P. 10(c)); *and Defendants' Joint Motion to Dismiss Entity Defendants, etc.*, Doc. 28, (filed Dec. 23, 2009), p. 5 n. 3 ("As stated earlier, the Attorney General has filed a motion to dismiss all claims for declaratory and injunctive relief against all defendants in their official capacities, and those arguments are expressly adopted and incorporated by reference here. *See again* Fed.R.Civ.P. 10(c).").

[8] The Attorney General intentionally presented alternative arguments in order that the court could construe the complaint as it was filed. *See Defendant Attorney General Alicia G. Limtiaco's Motion to Dismiss & Supporting Memorandum of Law*, Doc. 27 (filed Dec. 23, 2009), p. 8 ("Rather than introduce evidence at this juncture, the Attorney General will address the claims as if they were still ripe, taking the complaint as she finds it, and will address the issues of mootness, plaintiff's standing and non-justiciability in the alternative.").

[9] *See Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v. Mackell*, 401 U.S. 66 (1971); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc); *Douglas v. McCarthy*, 2009 WL 4395707 (W.D. Wash. 2009).

7

jurisdiction, but should dismiss the action." *Devaughn v. Sniff*, 2009 WL 3838252 (C.D. Cal. 2009). Alternatively, if there *is not* a pending prosecution, nor a credible, imminent and immediate threat of prosecution, then the plaintiff lacks standing to seek prospective relief; the case is non-justiciable.[10] Defendants respectfully submit that if the court is *not* going to consider the undisputed fact that the Attorney General has declined to prosecute, then it must consider the arguments at pp. 7 – 11 of *Defendant Attorney General Alicia G. Limtiaco's Motion to Dismiss & Supporting Memorandum of Law*, Doc. 27 (filed Dec. 23, 2009), that the *Younger* abstention doctrine bars federal court interference with a criminal action "pending" in local court.

As noted in the Attorney General's *Reply to Plaintiff's Opposition to Motion to Dismiss & Supporting Memorandum of Law*, Doc. 47 (filed Jan. 27, 2010), p. 3:

> When he filed this lawsuit, Mr. Adkins did not know that the Attorney General had declined to prosecute two months earlier. Know that he knows, he cannot now dispute that if the Attorney General had *not* declined to prosecute, and his criminal charges were still pending, then the *Younger* abstention doctrine would bar his claims for declaratory and injunctive relief against the Attorney General. *See Younger v. Harris*, 401 U.S. 37 (1971). To avoid the jurisdictional bar of the *Younger* abstention doctrine, Mr. Adkins has modified the argument presented in his complaint "that he will face criminal prosecution and incarceration" if his prosecution is not enjoined. Now he argues that *Younger* does not apply because "no judicial proceeding was filed in local Guam courts nor is one pending …." *Plaintiff's Opp.* [Doc. 39] p. 14.
>
> If there is *not* a pending prosecution, nor an imminent threat of a prosecution, there is simply nothing to review, it is non-justiciable.

Just because Mr. Adkins may or may not have a claim for damages against Officers Artui and Anciano, it does not mean he also has a claim for prospective equitable and declaratory

---

[10] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *O'Shea v. Littleton*, 414 U.S. 488 (1974).

relief, especially since he has voluntarily dismissed the only official with final authority under Guam law to prosecute him.

> "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc*., 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Thus, a plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment. *See id.* at 185-86, 120 S.Ct. 693; *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

*Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

As noted previously by the Attorney General in argument adopted by the defendants here, in order for Mr. Adkins to have standing to seek prospective declaratory and injunctive relief he must allege that he intends to engage again in the same conduct for which he was first arrested. He cannot. For the law will not assume for standing purposes that Mr. Adkins will refuse to comply with orders from law enforcement officer in the future (lawful or otherwise); and there is no credible reason to believe that there is a department-wide policy in place requiring the arrests of innocent passers-by who take photographs of crime or accident scenes. The complaint certainly makes no such allegation. The Supreme Court's discussion in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), is dispositive.

> Another relevant decision for present purposes is *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), a case in which plaintiffs alleged widespread illegal and unconstitutional police conduct aimed at minority citizens and against City residents in general. The Court reiterated the holding in *O'Shea* that past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy. The claim of injury rested upon "what one or a small, unnamed minority of policemen might do to them in the future because of that unknown policeman's perception" of departmental procedures. 423 U.S., at 372, 96 S.Ct., at 604. This hypothesis was "even more attenuated than those allegations of future injury found insufficient in *O'Shea* to warrant [the] invocation of federal jurisdiction." *Ibid*. The Court also held that plaintiffs' showing at trial of a relatively few instances of violations by individual

9

police officers, without any showing of a deliberate policy on behalf of the named defendants, did not provide a basis for equitable relief.

*Lyons*, 461 U.S. 103-04 (editorial brackets in original; footnote omitted). Other than what happened on the day he was arrested, the complaint states no facts alleging any kind of "a deliberate policy on behalf of the named defendants" inimical to plaintiff's future interests. Mr. Adkins may or may not have a claim for damages, but the facts he alleges provide no basis for equitable relief or declaratory relief.

## CONCLUSION

The magistrate-judge's report and recommendation failed to address the legal if not logical consequences of the plaintiff's voluntary dismissal of the Attorney General; the court erred in failing to consider the Attorney General's memorandum declining prosecution; and it failed to address the two alternative arguments presented by the Attorney General, expressly adopted and incorporated by the defendants as provided by the rules, that without the memo declining prosecution the case is due to be dismissed based on *Younger* abstention, and with or without the memo Mr. Adkins' official capacity claims against the defendants were not merely moot before the case was filed, but non-justiciable.

The entirety of Mr. Adkins' claims for declaratory and injunctive relief against defendants Artui, Anciano and Suba in their official capacities contained in plaintiff's ninth and tenth causes of action are due to be dismissed.

Respectfully submitted this 6th day of May, 2010.

                                                                              /s/ James T. Mitchell
                                                                                JAMES T. MITCHELL
                                                                    For defendants Suba, Artui, Anciano

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

    Anita P. Arriola, Esq.,
    Arriola, Cowan & Arriola
    259 Martyr Street, Suite 201
    P.O. Box X,
    Hagåtña, Guam 96910
    Email: acalaw@teleguam.net

this 6th day of May, 2010.

                                                  /s/ James T. Mitchell
                                                    JAMES T. MITCHELL

11

Case 1:09-cv-00029   Document 68   Filed 05/06/10   Page 11 of 11