ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Attorneys for Plaintiff James L. Adkins

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS,<br><br>            Plaintiff,<br><br>vs.<br><br>ALICIA G. LIMTIACO, ATTORNEY GENERAL OF GUAM; OFFICE OF THE ATTORNEY GENERAL OF GUAM; PAUL SUBA, CHIEF OF GUAM POLICE DEPARTMENT; GUAM POLICE DEPARTMENT; D.B. ANCIANO; SERAFINO ARTUI; AND DOES I THROUGH X,<br><br>            Defendants. | CIVIL CASE NO. CV09-00029<br><br>**PLAINTIFF JAMES L. ADKINS' RESPONSE TO DEFENDANTS' ARTUI'S AND ANCIANO'S JOINT OBJECTION TO REPORT AND RECOMMENDATION RE MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY** |

## INTRODUCTION

It is difficult to tell exactly what Defendants Artui and Anciano ("Defendants") are complaining about in the Joint Objection to the Magistrate's Report and Recommendation re Motion to Dismiss ("Report"). They concede that the Magistrate's Report "may arguably have reached the correct result", Objections at 1, but they appear to be suggesting that the Magistrate failed to articulate the specific constitutional rights that were allegedly infringed by them. By selecting only certain excerpts from the recommendations, they ignore the Magistrate's actual findings on this issue. As discussed below, the Magistrate examined and discussed the allegations in the FAC, reviewed the cases cited by plaintiff and Defendants, and made specific

1

findings about the constitutional rights infringed by Defendants.

Defendants also submit five pages of rambling, incoherent argument about the need for this Court "to identify what facts are missing", Objections at 7, so that the scope of discovery can be limited resolving the qualified immunity issue. Id. at 7-12. This argument is inappropriate, as it was never raised in Defendants' motion to dismiss. More importantly, the Magistrate granted Defendants' motion to stay discovery pending a decision on the motions to dismiss and Defendants did not request that discovery be limited to resolution of the qualified immunity issue. Defendants have waived that issue by failing to raise it in their motion to stay discovery.

Defendants' objections to the Report should be overruled in their entirety and the Report should be affirmed.

## ARGUMENT

### I. THE MAGISTRATE CORRECTLY FOUND THAT THERE WAS NO 'LAWFUL STOP' OF MR. ADKINS.

On page 3 of the Report, the Magistrate detailed plaintiff's causes of action, including his claims for violation of his rights to due process of law, free speech, right to privacy and unlawful seizure. After discussing the facts as alleged in the FAC and the arguments made by plaintiff and Defendants in *six pages* (Report at 6-11), the Magistrate concluded:

> The facts as alleged [in the FAC} do not provide a basis for a "lawful stop" which would make an arrest for the failure to obey an order to get out of the car a lawful arrest. Because the allegations of the amended complaint bear no such facts, the court must find that Plaintiff has alleged a violation of his constitutional rights, the right to be free from arrest without probable cause. *This is clearly an established constitutional right*. Beck v. Ohio, 379 U.S. 89 (1964).

Report at 11 (emphasis added). There could be no clearer finding of a specific constitutional right – violation of the Fourth Amendment prohibition against unreasonable searches and seizures – infringed by Defendants.

2

Case 1:09-cv-00029   Document 70   Filed 05/20/10   Page 2 of 7

## II. THE MAGISTRATE CORRECTLY FOUND THAT SEIZURE OF PLAINTIFF'S CELL PHONE CAMERA VIOLATED PLAINTIFF'S RIGHT TO PRIVACY AND RIGHT TO BE FREE OF UNREASONABLE SEIZURE OF HIS PROPERTY.

Plaintiff's fourth cause of action is for violation of the right to privacy and unlawful seizure of his cell phone camera. After reviewing the allegations of the FAC and discussing the law, including the cases cited by Defendants, the Magistrate concluded:

> Plaintiff alleges that the Defendants asked him to relinquish his camera four separate times. Clearly, the court recognizes the right of the people to be secure in the privacy and in the possession of their property. The complaint clearly makes evident that Defendants were after Plaintiff's property, his camera contained within his cell phone. Generally, the taking of property requires its compensation. Do law enforcement officers have the right to take away a person's camera because the person has taken a photograph or photographs of an accident scene? Defendants have cited the court to no case which stands for such a proposition. Even in the *Chavez* case which Defendants cite as support for their proposition that there is no constitutional right to take pictures of an accident in a public road, the court notes that at no time was the photographer's camera ever taken from him. While police may properly confiscate property which may be evidence of crime, it has not been established that the taking of a picture of an accident scene is a crime which justifies the seizure of the person's camera. Defendants have yet to show any justification for its seizure. *Thus, the court finds the fourth cause of action to properly allege a constitutional violation against Defendants.*

Report at 14-15 (footnote omitted) (emphasis added).

Defendants take the Magistrate to task for citing right to privacy cases and discussing the holding in Griswold v. Connecticut, 381 U.S. 479 (1965). As with all of their other objections, Defendants choose to quote only one part of the Report and they simply ignore the other cases discussed by the Magistrate. See Report at 14-15. The Magistrate's Report could not be clearer about its finding concerning the specific constitutional violation – violation of the right to privacy and unlawful seizure of his cell phone camera - committed by Defendants.

### III. THE MAGISTRATE CORRECTLY FOUND THAT PLAINTIFF ALLEGED A CLAIM FOR VIOLATION OF HIS FREE SPEECH RIGHTS.

The Magistrate discussed plaintiff's second cause of action (due process of law) and third cause of action (violation of free speech) and observed that the gist of these claims is that: (1) the statutes under which plaintiff was charged failed to give notice of prohibited activity that infringes plaintiff's first amendment rights; and (2) plaintiff's First Amendment rights were violated when he was arrested for arguing with the police officers who arrested him. Report at 11-12. After discussing the caselaw cited by plaintiff and Defendants, the Magistrate found:

> These two cases and other cases acknowledge that pictures and photographs enjoy constitutional protection unless obscene and that the taking of photographs of police conduct on public property is also constitutionally protected, subject to reasonable time, manner, and place restrictions.

Report at 12. The Magistrate then concluded:

> Thus, the taking of a photograph by Plaintiff at the accident scene of a green truck which has crashed into a wall enjoys constitutional protection because it embodies an expression of First Amendment freedoms, the creation, storage, or reproduction of a depiction. It is a depiction which cannot be said to be obscene, defamatory, fraudulent, or inciting. See *United States v. Stevens*, ___ S.Ct. ___, 2010 WL 1540082 (April 20, 2010) (No. 08-769).
>
> *Based upon the cases cited above and the factual allegations in Plaintiff's first amended complaint, the court finds that Plaintiff has sufficiently alleged a violation of his First Amendment right to take photographs of an accident scene on the date in question.*

Report at 13 (emphasis added)

Defendants complain that the Magistrate's citation to the Stevens case is inapposite and that the case has "nothing to do with whether police officers violate the clearly established first rights of presumably innocent passers-by who photograph accident scenes and then argue with

the police about their right to do so." Objection at 3. But Defendants highlight this one case and fail to address all of the other cases cited in the Report which, in addition to the Stevens case, support the Magistrate's finding that plaintiff's First Amendment right to take photographs of an accident scene were clearly established. Report at 13.

### IV. DEFENDANTS' ATTEMPT TO ARGUE A DISCOVERY MOTION IS INAPPROPRIATE AND SHOULD BE DISREGARDED BY THIS COURT.

For the first time, Defendants raise a new issue before the Court. They urge the Court to require the Magistrate to make some findings about "what facts are necessary to resolve the immunity question, and to know what limitations to place on future discovery . . ." Objections at 12. Defendants did not raise this issue in their motion to dismiss and cannot raise it now. "[T]he purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of law or fact contained in the report, not to present new evidence and arguments that were not presented to the magistrate in the first instance." Jones v. Snyder, 2008 WL 786023 *1 (W.D. Mich.). Defendants were given ample time to present this argument to the Magistrate, but failed to do so. Allowing Defendants to raise in their Objections legal and factual arguments not presented to the Magistrate "defeats the very purpose of the report and recommendation procedure – that is, to provide for the efficient resolution of matters . . ." Bester v. Dixion, 2007 WL 951558 *3 (N.D.N.Y.).

Equally important, Defendants filed a motion to stay discovery pending the outcome of their motions to dismiss. They did not argue, in the alternative, for a stay of discovery limited to the issue of qualified immunity. They have therefore waived that issue.

### CONCLUSION

For all of the foregoing reasons, plaintiff James L. Adkins respectfully requests that the

5

Court overrule the Joint Objections filed by Defendants Anciano and Artui and that the Magistrate's Report and Recommendation re Motion to Dismiss be accepted and affirmed in its entirety.

Dated this 20th day of May, 2010.

ARRIOLA, COWAN & ARRIOLA<br>
Attorneys for Plaintiff James L. Adkins

By: _____<br>
ANITA P. ARRIOLA

6

Case 1:09-cv-00029   Document 70   Filed 05/20/10   Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2010, a true and correct copy of Plaintiff James L. Adkins' Response to Defendants' Artui's and Anciano's Joint Objection to Report and Recommendation Re Motion to Dismiss Based on Qualified Immunity was personally delivered to:

        JAMES T. MITCHELL, ESQ.
        Legal Counsel
        Guam Police Department
        Bldg. 233, Central Ave.
        Tiyan, Guam 96913

Dated this 20th day of May, 2010.

                                                */s/ Anita P. Arriola*
                                                ANITA P. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910