ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734
Attorneys for Plaintiff James L. Adkins

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES L. ADKINS, ) | CIVIL CASE NO. **CV09-00029** |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **PLAINTIFF JAMES L. ADKIN'S** |
| ALICIA G. LIMTIACO, ATTORNEY ) | **MEMORANDUM OF POINTS AND** |
| GENERAL OF GUAM; OFFICE OF THE ) | **AUTHORITIES IN SUPPORT OF** |
| ATTORNEY GENERAL OF GUAM; PAUL ) | **PLAINTIFF'S MOTION FOR STAY** |
| SUBA, CHIEF OF GUAM POLICE ) | **OF DECISION ON** |
| DEPARTMENT; GUAM POLICE ) | **DEFENDANTS'MOTION FOR** |
| DEPARTMENT; D.B. ANCIANO; ) | **JUDGMENT ON THE PLEADINGS;** |
| SERAFINO ARTUI; AND DOES I ) | **ALTERNATIVE MOTION FOR** |
| THROUGH X, ) | **ENLARGEMENT OF TIME** |
| ) | |
| Defendants. ) | |

Plaintiff James L. Adkins ("Mr. Adkins") hereby moves the Court to stay consideration of the Motion for Judgment on the Pleadings by Defendants D.B. Anciano and Serafine Artui filed on September 13, 2010, until the Court has resolved the Motion for Reconsideration filed by Mr. Adkins. Alternatively, good cause exists to enlarge the time for Mr. Adkins to file an Opposition to the Motion for Judgment on the Pleadings.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2010, the Court issued an Order and Opinion re: Report and Recommendation re: Motions to Dismiss ("Order"). In its Order, the Court adopted the recommendation of the Magistrate Judge to deny the motion to dismiss filed by Defendants

1

Anciano and Artui (collectively "Defendants") in their personal capacity as to the first, second, fourth, fifth, sixth, seventh, eighth, and eleventh causes of action. Order p. 18. The Court dismissed the third, ninth and tenth causes of action against Defendants. The Court also adopted the recommendation of the Magistrate Judge to dismiss the first, second, third, fourth and eleventh causes of action against Defendant Suba, subject to the right of Mr. Adkins to amend the complaint. Id.

Defendants filed an Amended Answer to First Amended Complaint on September 8, 2010. On September 13, 2010, Defendants filed a Motion for Judgment on the Pleadings seeking dismissal of all remaining claims against them with prejudice.

Mr. Adkins filed a motion seeking reconsideration of the Court's dismissal of the third cause of action against Defendants on September 21, 2010. In the motion, Mr. Adkins also seeks reconsideration of the Court's decision not to grant him leave to amend the First Amended Complaint ("FAC") against Defendants. Mr. Adkins also intends to file a motion to amend his complaint, consistent with the Court's Order allowing him to amend; to dispose of the defendants and claims dismissed by the Court; and to add a new claim and new defendants based on the tampering with and destruction of Mr. Adkins' cell phone.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO STAY DECISION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.

The authority to stay proceedings is incidental to the Court's inherent power to control its docket and calendar and to provide for a just determination of pending cases. See Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); In exercising the discretion, the Court must weigh the competing interests affected by the granting or denying of a request for a stay. Lockyer v. Migrant Corp., 398 F.3d 1098, 1110 (9th Cir.2005). The competing interests

2

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962)).

Defendants argue in their Motion for Judgment on the pleadings that the Court's dismissal of Mr. Adkins' First Amendment claims against them "changed the entire landscape of plaintiff's case." Motion for Judgment on the Pleadings, p. 2. Much of the Defendants' arguments are dependent on the Court's finding that a reasonable officer would not have known that it is unlawful to order someone to delete photographs from their camera, and then arrest them in retaliation for challenging the officer's authority. Mr. Adkins seeks reconsideration of that finding, as well as the Court's decision to not grant leave to amend the FAC against Defendants.

Mr. Adkins respectfully submits that the Court should stay Defendants' Motion for Judgment on the Pleadings until it has first addressed the issues raised in his motion for reconsideration and his motion to amend his complaint. The orderly course of proceedings is for the Court to determine plaintiff's motion for reconsideration and motion to amend his complaint before addressing defendants' motion for judgment on the pleadings. In addition, a decision from the Court on either or both of plaintiff's motions may render moot defendants' motion for judgment on the pleadings.

Defendants will suffer no prejudice or hardship as a result of a stay on the decision on their motion for judgment on the pleadings. The parties have not engaged in any pre-trial discovery. The Court has addressed only the defendants' motions to dismiss, so that the case is still at the very early pleading stage.

3

## II. GOOD CAUSE EXISTS TO ENLARGE THE TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.

Alternatively, Mr. Adkins requests that the Court give him an extension of time to file an opposition to Defendants' Motion for Judgment on the Pleadings. Rule 6(b)(1)(A) of the Rules of Civil Procedure provides that "the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. Rules Civ. Proc. 6(b)(1)(A). "Interpreting this language, courts have said that the good cause standard and an extension 'normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" California Trout v. F.E.R.C., 572 F.3d 1003, 1027 n. 1 (9th Cir. 2009) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1154 (3d ed. 1998)). Applying that standard to this case, the Court should grant the request for an extension of time.

Mr. Adkins' request for an extension is brought in good faith. As set forth above, Mr. Adkins filed a motion for the Court to reconsider the dismissal of his First Amendment claims against Defendants. The Court's decision on that claim will affect the arguments set forth in Defendants' Motion for Judgment on the Pleadings as well as the opposition by Mr. Adkins. Judicial economy would best be served if the Court were to first rule on the Motion for Reconsideration, and then permit Mr. Adkins to file an opposition to Defendants' motion.

Furthermore, Defendants will not be prejudiced if the Court grants an extension of time to file an opposition to their Motion for Judgment on the Pleadings. Mr. Adkins has requested that the Court reconsider its decision to dismiss the third cause of action, but not grant him leave to amend the FAC. The Court may grant Mr. Adkins leave to amend the FAC, as it did with respect to Defendant Suba. An amended complaint would obviously affect Defendants' Motion

4

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

for Judgment on the Pleadings, as well as any opposition filed by Mr. Adkins. Defendants would not suffer any prejudice if the Court were to first rule on the Motion for Reconsideration, and then permit Mr. Adkins to either amend the FAC or file an opposition to Defendants' motion.

Finally, the Court has given Mr. Adkins the right to amend his complaint. Order, p. 19-20. Rule 12(c) provides in part that a party may move for judgment on the pleadings "[a]fter the pleadings are closed . . . ." Fed. R. Civ. Proc. 12(c). Although Defendants have filed an answer to the FAC, Mr. Adkins has the ability to amend his complaint. Mr. Adkins submits that it would be inappropriate to order briefing on a Motion for Judgment on the Pleadings when the Court has ruled that Mr. Adkins could amend his complaint, thereby requiring Defendant Suba to file an answer.

## CONCLUSION

Based on the foregoing, Mr. Adkins requests that the Court stay Defendants' Motion for Judgment on the Pleadings until it has ruled on the pending Motion for Reconsideration and on plaintiff's motion to amend his complaint. Alternatively, Mr. Adkins submits that there is good cause for the Court to grant him an extension to file an opposition to Defendants' Motion for Judgment on the Pleadings.

Dated: September 27, 2010.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiff James L. Adkins

By: _Anita P. Arriola_
ANITA P. ARRIOLA

5